Warner, Chief Justice.
This was an action of ejectment brought by the plaintiff against the defendant, to recover possession of a certain strip of land on which the defendant has located its *37 railroad. On the trial, the plaintiff proved title in himself to the ¡premises in dispute and possession by the defendant. The defendant pleaded that the land had been condemned for the use cf the company under the provisions of its charter, and set forth in his plea a copy of the proceedings alleged to have been had for that purpose. After hearing the evidence and the charge of the Court, the jury found a verdict for the defendant. A motion was made for a new trial on the several grounds stated therein, which was overruled, and the plaintiff excepted. By the sixth section of the charter of the Georgia and Alabama Railroad' Company, it is provided that in all cases in which any difficulty may arise between individuals and the company as to the right of way, or damages to the land on which said road may be located, either party may apply to the sheriff of the county in which the land is located, who shall summon a jury of five freeholders who shall enter upon the land, and after taking the oath prescribed,award in writing the damages, if any, to be paid by the company, and upon the payment of the damages so assessed, the fee simple title to the land shall vest in the company. Some ten or twelve years after this charter was granted, this company was consolidated into the Selma, Rome and Dalton Railroad Company. On the trial, D. S. Printup was offered as a witness for defendant, who stated that he was attorney and agent of the company at the time the assessment of damages to plaintiff’s land was made, and was present attending to the same; that the papers were returned by him to the secretary and treasurer of the company *and have been lost or destroyed. Produced copies of the papers which he stated were about the same as those in the defendant’s plea, and gave them to sheriff Watters to serve, doubtless meaning the original papers. The alleged copy of the original papers, which the witness produced, were not offered and read in evidence to the jury, so far as the record shows. The witness then testified that he offered the plaintiff a certificate of stock in the Selma, Rome and Dalton Railroad, which he declined to take; what was the amount of it does not appear. No offer was ever made to the plaintiff of stock in the Georgia and Alabama Railroad Company, nor was there at any time any certificate of stock issued b,y that company. The witness also stated that the plaintiff was present when the assessment was made. The assessment was made in accordance with the provisions of the charter, and all the notices required to be served were either served or waived by the parties. This latter part of the witness’ statement was objected to, and the objection overruled and that is assigned as error. Watters, a witness for defendant, stated he was sheriff or deputy sheriff at the time of the assessment, served copies of the papers handed him by Colonel Printup, on the plaintiff, but does not remember doing any specific act or acts, nor what papers were served, but re-members that he did what was required of him in his official capacity; plaintiff was present at the time of the assessment and made no objection. After the jury had agreed on a verdict, *38 plaintiff asked him what it was; told him it was $500 00, he then said he was to take it in stock of the company. There are other witnesses who testified that the plaintiff was present when the assessment was made, and that he was to take the assessment in stock.
1. Was the evidence of Printup, which was objected to, admissible for the purpose of showing that the plaintiff’s title to his land had been lawfully condemned for the use of the company, under the provisions of their charter? In my judgment, it was not. The land owner stands upon all his legal rights, and when the company seeks to invade them, under *the authority of its charter, the burden of proof is upon them to show that they have strictly complied with its terms.
2. The original papers relating to the -assessment of the plaintiff’s damages, were lost. The next best evidence would have been the sworn copy thereof which Printup had in Court, and if he,could have stated, from his knowledge of the contents of the original proceedings, that the paper which he produced in Court was a substantial copy thereof, and it had appeared therefrom that the requirements of the charter had been complied with, for the condemnation of the plaintiff’s land to the use of the company, it would have defeated, the plaintiff’s right to recover. What I intend to say is, that if -the sworn copy paper, produced in Court by the witness, showed on the face thereof that the provisions of the charter had been complied with in assessing the damages for the taking the plaintiff’s land by the company, and the damages so assessed had been shown to have been paid, it would have defeated the plaintiff’s right to recover.
3. The sworn copy of the original-proceedings produced by the witness in Court was better evidence than his oral declarations. Besides, his oral declarations that the assessment of the damages was made in accordance with the provisions of the charter, was a conclusion of law, the witness should have stated the facts' that transpired when the assessment of damages was made, so that the Court and jury could have decided whether it was made in accordance with the provisions of the charter. The condemnation of the plaintiff’s land for the use of the company, under their charter, depended on the facts connected with the proceedings had for that purpose, and not on the opiniofi of the witness. It was the province of the Court and jury to decide, from the facts proved, whether the plaintiff’s land had been lawfully condemned for the use of the company, under the provisions of their charter, and not the province of the witness to decide that question; and, in my judgment, it was error in allowing him to do so over the plaintiff’s objection. The plea of the defendant was not evidence on the trial; besides, it does not appear on the face of *the paper set’ forth in the plea that the jurors, summoned by the sheriff to assess the damages, were freeholders, or that they took the oath prescribed before any officer authorized to administer it; nor did the evidence on the trial prove either of these facts. If the original papers, containing *39 the proceedings under which the defendant claims that the plaintiff’s land was condemned for the use of the company, had been before the Court at the trial, all the requirements of the charter must have appeared on the face thereof to have been complied with, in order to divest the plaintiff of his title to his land, and the loss of the papers does not dispense with the proof of the necessary facts to accomplish that result by the best evidence in the power of the defendant to produce.
4. It appears from the evidence in the record, that the plaintiff was an original subscriber of $500 00 of stock in the Georgia and Alabama Railroad Company, and had paid two installments thereon. The jury assessed the plaintiff’s damages for the right of way through his land, according to the evidence, at $500 00, to be paid in the stock of the company. Whether the plaintiff agreed that the jury might return their verdict that he should be paid for his land in stock, or whether he agreed that he would take the amount of the verdict in stock, is not so clear, but no stock in that company has ever been paid or offered to be paid him, in discharge of that verdict. There is no evidence in the record that the plaintiff has ever been paid one dollar for his land, either in the stock of the Georgia and Alabama Railroad Company or in anything else. The defendant offered him a certificate of stock in the Selma, Rome and Dalton Railroad Company, which he declined to receive, and there is no pretense that the plaintiff ever agreed to receive the stock of that company in payment for his land. The Court charged the jury, amongst other things, to the effect that if the plaintiff was a stockholder in the Georgia and Alabama Railroad Company he would be chargeable with notice of the consolidation of that company with the company of defendant, and his consent thereto might be presumed, and, if by his acquiescence in the building of the road *on his land by the defendant, he cannot now, by his action of ejectment, recover the land and turn out the defendant, provided tire new as well as the old company had always held themselves ready to deliver him a regular certificate of stock to which he was or is entitled, on account of the assessment made as before stated. There is no evidence in the record that either the old or the new company had always been ready to deliver to the plaintiff a regular certificate of stock in payment for his land. The only evidence in relation to that point in the case is, that Printup offered the plaintiff a certificate of stock in the Selma, Rome and Dalton Railroad Company, which he declined to take; the time the offer was made or the amount of the certificate, is not stated. The fact that the plaintiff was a stockholder in the Georgia and Alabama Railroad Company, although he might have consented to its consolidation into the new company, did not bind him to accept the stock of the new company in payment for his land; he never agreed to take the stock of that company for his land, and no other stock was ever paid or offered to be paid him therefor, so far as the evidence in the record shows.
*40 5. The charge of the Court, in view of the facts of the case, was error. The defendant completed its road on the defendant’s land in November, 1868.
In view of the facts as disclosed by the record in this case, we reverse the judgment of the Court below, and order a new trial, unless the defendant shall pay to the plaintiff the sum of $500 00, with interest thereon from the.first day of November, 1868, and in the event the defendant shall do so, then the judgment of the Court below to stand affirmed, and the land -of the plaintiff, taken for the use of the defendant’s company, shall vest in the defendant, as provided by its charter.
Let the judgment of this Court be so entered.