FLOWERS *v.* FLOWERS.

1. Where commissioners appointed upon the application of a widow for dower have made their return assigning dower in certain land, and a traverse is entered by a person who claims the land as his own and sets up that the husband of the widow was not seized and possessed of it at the time of his death, this person, although he is the executor of the husband's estate, is not incompetent under the evidence act of 1889 to testify on the trial of the issue thus formed, as a witness in his own behalf, as to transactions and communications with the deceased touching a sale and conveyance of the land by the latter to himself, the traverse being made in his own interest and not in behalf of his testator's estate. In such case the proceeding is not a suit instituted or defended by the personal representative of the deceased, within the meaning of that act. The estate would not be bound by a judgment rendered in favor of the claimant, the estate being unrepresented as against his alleged title.

2. Inasmuch as the nature and extent of the right of dower was not involved in the litigation, any error of the court in charging on that abstract subject was immaterial.

3. It is error in charging the jury to direct their attention specially to the relevancy of a particular portion of the testimony favorable to one side, no special reference being made to any of the evidence favorable to the other side. For this reason the court erred in charging as follows: "I also charge you in reference to this case, upon a particular branch of this testimony, a particular portion of this testimony. As you will observe, I have charged you in reference to the testimony in general. Everything here is evidence for you to consider and to weigh, but I charge you in particular that evidence of family disturbances between the husband and wife, and between her and one or more of his children by a former marriage, is relevant. I mean it is testimony for you to consider and weigh along with all the other testimony, and see to what conclusion it brings your mind upon the issue here as to whether this lady is entitled to her dower or not."

4. The requests to charge, in so far as they are legal, were covered by the charge of the court; and there was no error in the charge except as stated in the preceding head-note.

November 20, 1893.

Application for dower. Before Judge RICHARD H. CLARK. DeKalb superior court. February term, 1893.

CANDLER & THOMSON, for plaintiff in error.

J. A. WIMPY and W. J. SPEAIRS, *contra*.

SIMMONS, Justice.

1. The widow of John Y. Flowers applied for dower, and the commissioners appointed to assign dower made their report assigning to the applicant certain lands. A traverse was entered by George N. Flowers, upon the ground that John Y. was not seized and possessed at the time of his death of the land out of which the dower had been assigned, but that he (George N.) was the owner. George N. claimed the land under a deed made to him by John Y. in August, 1875, the consideration expressed in the deed being $5,500. Upon the trial of the issue thus made, George N. offered to testify as to the payment to John Y. of the consideration recited in the deed and of a note made in connection therewith, and as to what was the real transaction evidenced by the deed and the note; but the court, on objection thereto, declined to allow the witness to testify as to these matters, holding that George N. being a party to the suit and John Y. being dead, the former was an incompetent witness as to transactions with the latter. We think the court erred in so holding. It was contended that such testimony is rendered incompetent by the evidence act of 1889, section I., subsection (a), by which it is provided that "where any suit is instituted or defended by . . the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against said . . deceased person, as to transactions or communications with such . . deceased person." (Acts 1889, p. 85.) Although this witness was a party to the case on trial, and was the executor of John Y. Flowers, and as such his "personal representative," the traverse was not made in his representative character or in behalf of his testator's estate, but was made solely in his own interest, the ground of the traverse being that the land was his own and that John Y. Flowers was not seized

and possessed of it at the time of his death. Nor, on the other hand, was the estate represented as against his alleged title. In the claim of dower, the widow represented herself only. The estate, therefore, would not be bound by a judgment rendered in his favor. Under these facts, it is clear that the proceeding is not a suit "instituted or defended by the personal representative of the deceased," within the meaning of the statute. In the statement of facts when the case was here before (89 *Ga.* 633), it was said that the traverse was made by George N. Flowers "as executor of John Y. Flowers and individually," but in the record now before us it does not appear that he either acted or assumed to act in this litigation as executor. As between the widow and the estate of her deceased husband, there was no dispute or litigation when the last trial of the case was had. In so far as the executor was concerned in his representative capacity, he had yielded to the widow's claim and to the action of the commissioners. The sole issue on trial was between the widow, as one party, and George N. Flowers in his individual capacity, as the other. There is no other provision of the statute under which the testimony offered could be held inadmissible.

2. Inasmuch as the nature and extent of the right of dower was not involved in the litigation, any error of the court in charging on that abstract subject was immaterial.

3. The following instructions of the court to the jury are complained of: "I also charge you in reference to this case, upon a particular branch of this testimony, a particular portion of this testimony. As you will observe, I have charged you in reference to the testimony in general. Everything here is evidence for you to consider and to weigh, but I charge you in particular that evidence of family disturbances between the husband

and wife, and between her and one or more of his children by a former marriage, is relevant. I mean it is testimony for you to consider and weigh along with all the other testimony, and see to what conclusion it brings your minds upon the issue here as to whether this lady is entitled to her dower or not." We think this was error. The main issue in the case was whether the conveyance by John Y. Flowers to George N., under which the latter claimed the land in question, was intended to pass the title absolutely and without reservation, or whether it was intended to defeat the right of the grantor's wife to dower, without his parting with dominion and real ownership; and as tending to show that the latter was the real motive and object of the conveyance, testimony was introduced by Mrs. Flowers relating to family disturbances between herself and her husband and between her and his children by a former marriage. To this testimony the judge directs the attention of the jury specially. He tells them that he has charged them in reference to the testimony in general, but that he now charges them with reference to a particular portion of the testimony; and then, after charging that they are to consider and weigh all the testimony, he adds, *" but I charge you in particular* that evidence of family disturbances between the husband and wife, and between her and one or more of his children by a former marriage, is relevant." No special reference is made anywhere in the charge to any of the evidence favorable to the other side. To single out in this manner a portion of the testimony favorable to one side and give it a degree of prominence not given to any of the other testimony, saying to the jury, in effect, that while they are to consider all the testimony, they are to consider this particularly, is to discriminate in favor of that evidence and is calculated to impress the jury that it is of special weight and value. Why should

one part of the facts merit more marked attention than other parts equally material? The case is a close one under the evidence, and we cannot say that the stress placed by the court upon this particular part of the evidence did not operate in producing the verdict rendered.

4. The requests to charge, in so far as they are legal, were covered by the charge of the court as given; and there was no error in the charge except as stated in the preceding part of this opinion.        *Judgment reversed.*