GEORGIA, FLORIDA & ALABAMA RY. CO. *v.* TEMPLES.

1. On the trial of an action for damages caused by the delay of a common carrier in shipping cattle, where the shipper had testified that a certain number of the cattle died, that they were of a stated value each, and that he had been put to a certain expense on account of the delay, it was error to allow him, over objection, to testify that the damage to the cattle contained in the car, other than those which died, would average from three dollars to nine dollars a head.

2. If there were other inaccuracies in rulings or charges, they were of minor importance, and such as are not likely to occur upon another trial.

APRIL 14, 1915.

Action for damages. Before Judge Worrill. Miller superior court. January 10, 1914.

*T. S. Hawes, P. D. Rich, W. H. Krause,* and *Bush & Stapleton,* for plaintiff in error. *John H. Lewis,* contra.

LUMPKIN, J. Temples sued the Georgia, Florida and Alabama Railway Company to recover damages resulting to certain cattle, on account of a delay in shipping them to their destination. He recovered a verdict. The defendant moved for a new trial, which was refused, and it excepted.

1. The plaintiff testified, that there were forty-eight head of cattle placed in the car; that the shipment was delayed; and that several of them died, giving the number and values. He was then allowed to testify that the damage to the others would average from three dollars to nine dollars a head. It has been held that a person suing for damages can not broadly give his opinion as to the amount thereof. That is one of the questions to be decided by the jury. *McCrary* v. *Pritchard,* 119 *Ga.* 876 (47 S. E. 341) ; *Miller* v. *Luckey,* 132 *Ga.* 581, 583 (64 S. E. 658). A witness may testify to any relevant fact. Though not an expert, if he has knowledge of facts on which to predicate an opinion as to value, he may give it, where value is relevant. But this is different from merely giving a general opinion as to the amount of damages to him or to his property. In the present case the verdict was for more than the value of the cattle which died and the expense shown to have been incurred. The jury evidently based their finding in part on the general estimate of damages mentioned. The impropriety of this testimony will plainly be seen from the fact that it does not appear how many of the cattle the witness thought were damaged three dollars apiece, or how many nine dollars apiece, or how many some intermediate sum. The jury were left to make some sort of average or guess.

2. The grounds of the motion for a new trial assigned error in some other rulings and charges of less importance. The charge was very meagre as to the measure of damages. There was an instruction to the effect that if the cattle were damaged in the course of the shipment, after being delivered to the railroad company, it

would be incumbent on the company to show that such damage resulted without its fault. Complaint was made that such a charge may have led the jury to believe that this must be shown by evidence introduced by the defendant, rather than from that introduced by either of the parties, and may have injured the latter, as it introduced no evidence. The giving in charge of a part of Civil Code (1910) section 2777 was assigned as error, but it was not likely to have been misunderstood in the light of the entire charge. If there were any inaccuracies in these matters, they are of such a character that they will most likely not occur again; and if the defendant desires a fuller charge on any point, on the next trial, it can be invoked.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*