### BUTLER v. SANSONE.

BECK, J. 1. Where to a proceeding instituted to dispossess a tenant because of failure to pay rent due he interposed his counter-affidavit, denying that the rent claimed was due, and pleading certain matters by way of recoupment and set-off (the right to recoupment being based upon the alleged failure of.the landlord to make repairs), it was error for the court, over timely objections by the opposite party, to allow a witness for the defendant to testify that the damages to certain articles of personal property would amount to a stated sum, or that the amount of damages to the various articles specified in a list which had been read by another witness was fair and correct. Such testimony amounted merely to a statement of opinion and a conclusion drawn from the facts. The facts themselves should have been stated by the witness, and the jury allowed to draw the conclusion. *Ga., F. & A. Ry. Co.* v. *Temples,* 143 *Ga.* 312 (85 S. E. 197).

2. The instruction of the court as to the liability of the landlord for improvements placed upon the rented premises by his consent was not error as unauthorized by the evidence. While the evidence on the subject of improvements and as to the landlord's consent thereto was somewhat vague, it can not be said that the charge was entirely without evidence to authorize it. And the contention of plaintiff in error that it was not authorized by the pleadings is clearly without merit.

3. The charge of the court, instructing the jury that if the tenant suffered damages under certain enumerated circumstances on account of the leaky condition of the roof, "she would have a right to such damages, the burden being upon her to show damages and the amount of the damages, and they would be such damages as she could·set off against plaintiff's claim for rent," was defective in that it omitted the element of notice as an essential to the right of recovery.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 15, 1916.

Eviction. Before Judge Freeman. Troup superior court. December 31, 1914. ·

*Hatton Lovejoy,* for plaintiff.

*A. H. Thompson* and *E. R. Bradfield,* for defendant.