GEORGIA RAILWAY AND POWER COMPANY *v.* HEAD *et al.*

HINES, J. 1. In the fourth ground of its motion for new trial, the plaintiff in error alleges that the court erred in ruling out the answer of its witness to an interrogatory, said answer being as follows: "Georgia Railway and Power Company did not have any agent in Lumpkin County, Georgia, at any time during the year 1918, nor at any other time;" and, after allowing said witness to testify that J. M. Hulsey was employed as a gate-keeper, being only an employee or servant of the company, refused to permit said witness to testify that "J. M. Hulsey was not in any sense an official, agent, or representative of the company." In the fifth ground it is alleged that the court erred in ruling out the answer of F. W. Hadley to an interrogatory, said answer being as follows: "The Georgia Railway and Power Company had no agent in Lumpkin County in March, 1918, nor at any time during that year, upon whom service of suit could have been legally made. There has never been at any time an agent of the Georgia Railway and Power Company located in Lumpkin County, Georgia." In the sixth ground it is alleged that "the court erred in refusing to allow a witness F. W. Hadley, to answer the fifth interrogatory, which was as follows: 'J. M. Hulsey was never treated as an agent of the Georgia Railway & Power Company, nor looked upon as such.'" In the seventh ground it is alleged that "the court erred in refusing to allow the witness, F. W. Hadley, to testify, in answer to the fifteenth interrogatory, to the effect that 'never at any time has the Georgia Railway and Power Company had an officer, agent, or agency in Lumpkin County, Georgia.'" *Held:* Treating these grounds of the motion as good in form, the court did not err in ruling out this evidence, because (a) the sole issue being whether a person upon whom service was perfected was the agent or a mere employee of the plaintiff, it was a mere conclusion of the witness, who will not be permitted to usurp the functions of judge and jury by stating a conclusion of law, as, for instance, the existence and character of an agency (17 Cyc. 219; *Berry* v. *State,* 10 *Ga.* 511 (16); *Woodward* v. *Gates,* 38 *Ga.* 205);

(*b*) a witness will not be permitted to decide the very question which the jury are to pass upon, but must state the relevant facts, and let the jury draw their own conclusion therefrom. *Foote & Davies Co.* v. *Malony,* 115 *Ga.* 985 (42 S. E. 413); *McCrary* v. *Pritchard,* 119 *Ga.* 876 (5) (47 S. E. 341); *G., F. & A. Ry. Co.* v. *Temples,* 143 *Ga.* 312 (85 S. E. 197.)

2. In the eighth ground of the motion for a new trial the plaintiff in error alleges that the court erred in refusing to allow a witness, F. W. Hadley, to answer an interrogatory as follows: "I and the parties who accompanied me made a detailed examination of the J. K. P. Head property, and in my opinion the property was not damaged in any way by the maintenance of the dam. After making this careful investigation, I reached the conclusion that Mr. Head had suffered no damages on account of back water from the Chestatee dam." The court did not err in refusing to permit this witness to testify as above; because, while it might have been permissible for the plaintiff to show it had a good defense to the action in which the defendant obtained judgment against it, it was not proper and permissible to do so by allowing this witness to give his opinion as to whether the defendant had been damaged and as to the lack or the amount of such damage. *Woodward* v. *Gates,* supra; *Brunswick &c. R. Co.* v. *McLaren,* 47 *Ga.* 547; *Central R. Co.* v. *Kelly,* 58 *Ga.* 107; *Foote & Davies Co.* v. *Malony, McCrary* v. *Pritchard,* and *G., F. & A. Ry. Co.* v. *Temples,* supra; *Butler* v. *Sansone,* 144 *Ga.* 553 (87 S. E. 771).

3. In the ninth, tenth, eleventh, and twelfth grounds of its motion for new trial it is complained that the court erred, when timely requested in writing so to do, in refusing to give to the jury the following instructions: (9) "Neither would ordering lumber from a sawmill for repairs to the dam change a man from the position of an employee to the position of an agent of the company." (10) "I charge you that if it became necessary in repairing machinery to have a blacksmith to repair broken parts of the machinery or furnish new bolts, and the man in charge of such machinery obtained them from a blacksmith-shop near by, this would not change an employee and constitute him an agent of the company." (11) "I charge you that merely sending in the bills for such repairs or lumber or blacksmith work or the time of the men employed temporarily to help repair the dam or machinery of the company, and receiving checks for such amounts and delivering the checks to the men or parties entitled to them, would not constitute a man an agent of the company, nor change the man from the position of an employee to that of an agent of the company." (12) "I charge you further that if you believe from the evidence that at the time service was made by the sheriff upon J. M. Hulsey [he] was the only man then in charge of the plant and having the key to the place and living near by, this fact would not of itself constitute said Hulsey an agent of the company, nor would such fact change a man from an employee of the company to an agent of the company." In each of the instructions sought in these requests the court was asked to charge the jury upon the probative value and effect of a simple fact in establishing the agency sought to be proved by the plaintiff. *Held,* that

the court did not err in refusing the above instructions, because (a) as the court fully and properly instructed the jury the law applicable to the issue involved in the case, the refusal of requests to give instructions containing general propositions of law, though pertinent, is not cause for a new trial (*Macon Ry. &c. Co.* v. *Barnes*, 121 *Ga.* 433, 49 S. E. 282); (b) where requests single out particular facts which bear upon the issue to be tried, and which are favorable to one side, they should not be given, because calculated to impress upon the jury that they are of special weight and value. *Flowers* v. *Flowers*, 92 *Ga.* 688 (3), 691 (18 S. E. 1006).

4. In the thirteenth ground of the motion for new trial it is complained that the court erred, when timely requested in writing to do so, in refusing to give to the jury this instruction: " I charge you further that the declarations or sayings of an agent are inadmissible to prove his agency." While agency can not be proved by the declarations and sayings of the alleged agent (*Jones* v. *Harrell*, 110 *Ga.* 373, 35 S. E. 690; *Amicalola Marble &c. Co.* v. *Coker*, 111 *Ga.* 872, 36 S. E. 950; *Indiana Fruit Co.* v. *Sandlin*, 125 *Ga.* 222 (3), 54 S. E. 65), and while this request embraced a correct abstract principle of law, the refusal to give this instruction to the jury was not erroneous, because there was no evidence of such declarations and sayings upon which to base said charge, the nearest approach to such proof being a statement of the alleged agent that he was in control of the Chestatee plant of the plaintiff. *Wood* v. *Owen*, 133 *Ga.* 751 (66 S. E. 951); *Wilson* v. *Brock*, 134 *Ga.* 782 (68 S. E. 497). Furthermore, the failure to give this request was not calculated to harm the plaintiff. *Mays* v. *Fletcher*, 137 *Ga.* 27 (72 S. E. 408).

5. In the fourteenth ground of the motion for new trial it is alleged that the court erred in refusing, when timely requested in writing so to do, to give to the jury this instruction: " I charge you further that you must determine the question whether Hulsey was an agent or merely an employee of the company, according to the duties required of him by the company at the time of the filing of the suit and service upon him." In the fifteenth ground the plaintiff in error alleges that the court erred, when timely requested in writing so to do, in refusing to charge the jury as follows: " I charge you that if it appears from the evidence that it became necessary to raise the dam or make repairs upon the same some months previous to the time this suit was filed, and at the time of the repairing or raising of such dam said Hulsey exercised temporarily greater authority, and was authorized by the company to purchase lumber and employ men to make such repairs, and it further appears that all said repairs were completed several months before plaintiff's suit was filed, and after completion of said repairs Hulsey's duties were restricted to merely operation [of] the plant and keeping the same in repair, the fact that he had at some former time exercised greater authority would not have the effect of enlarging the scope of this authority at the time service was made upon him." The substance of the requested instruction was fully covered by the general charge; and for this reason the court did not err in refusing to give it.

6. In the sixteenth ground of its motion for new trial, plaintiff contends the court erred, when in writing he was timely requested so to do, in failing to charge the jury as follows: "I charge you that [if] at the time suit was served upon J. M. Hulsey the plant was shut down and locked up and the key in the possession of said Hulsey, and his duties at that time was to look after and protect the machinery, he would not be an agent of the company, but would be an employee, and it would be your duty to set the entry of service by the sheriff aside and enjoin the judgment." This request was properly refused, because based on a partial view of the testimony. *Southwestern Railroad* v. *Singleton*, 67 *Ga.* 307; *Steed* v. *Cruise*, 70 *Ga.* 168.

7. Plaintiff in error alleges that the court erred in charging the jury as follows: "You need not concern yourselves about the decision of the Supreme Court in the case that went up. What the Supreme Court did about what facts were before them and all that, and what they decided about the facts, are not to govern you. You simply take the facts in this case and apply the rules of law to the facts and circumstances as given you in charge by the court, and from that, and in that way, determine the issue in this case." The court did not err in giving this instruction to the jury. The jury was bound to receive the law from the trial judge, and the facts, not from the decision of this court in dealing with the interlocutory judgment of the court. below refusing an injunction, but from the evidence delivered to them by witnesses. The judgment of this court, affirming an interlocutory judgment, is only binding on the final hearing when based solely upon a question of law, or when based upon evidence or law and evidence when the proof upon the final hearing is the same as that upon the interlocutory hearing (*Collins* v. *Carr*, 116 *Ga.* 41, 42 S. E. 373); in either of which events it is a matter of law for the court and not a matter of evidence for the jury.

8. The verdict is not without evidence to support it. The proof on the interlocutory hearing was epitomized in the opinion of this court when the case was here on review of such interlocutory hearing. *Georgia Railway & Power Co.* v. *Head*, 150 *Ga.* 177 (103 S. E. 158). If the evidence on the final hearing was the same as that on the interlocutory hearing, the verdict is contrary to both law and evidence. The same result would follow if the proof on the final hearing did not support the verdict. But, from a careful and thorough examination of the evidence, we are of the opinion that the proof on the final hearing brings the case within the principle ruled in *Central Ga. Power Co.* v. *Nolen*, 143 *Ga.* 776 (85 S. E. 945); and for this reason we feel constrained to affirm the judgment of the lower court.

*Judgment affirmed. All the Justices concur.*

*Colquitt & Conyers* and *Dean & Wright,* for plaintiff in error.

*H. H. Perry* and *Charters, Wheeler & Lilly,* contra.