REYNOLDS *v.* SNELLGROVE *et al.*

ATKINSON, J. 1. In an action of complaint for land, where a civil engineer who has made a survey and plat showing the location of the line in dispute testifies that such survey and plat are correct, the plat and such testimony are admissible in evidence. *Wooten* v. *Solomon,* 139 *Ga.* 433 (2) (77 S. E. 375). See, in this connection, *Bunger* v. *Grimm,* 142 *Ga.* 448 (5) (83 S. E. 200, Ann. Cas. 1916C, 173), and citations; 22 C. J. 910, § 1114. When such evidence is admissible as indicated above, a ruling of the court admitting the evidence will not be held erroneous by reason of the fact that the survey and plat were not made in the time, and upon notice to the parties, as provided in an order of the court entered in the case, directing a survey and plat of the line to be made.

2. Under the evidence there were issues for determination by the jury, and the court erred in directing a verdict.

　　　　*Judgment reversed. All the Justices concur.*

　　　　No. 3970. SEPTEMBER 4, 1924.

Complaint for land. Before Judge Kent. Laurens superior court. July 24, 1923.

An action was instituted to recover a described parcel of land

containing one and one tenth acres, more or less. The original petition contained a plat which was referred to as an exhibit. It appeared from the allegations of the petition and the exhibit that the parcel of land sued for was in the northern part of the west half of lot number 318 in the 12th land district of Laurens County, and that it was separated from lot number 317, which was the property of the defendant, by the line of division between lots 318 and 317. A similar action was instituted on the same day by a different plaintiff against the same defendant, for recovery of a described parcel of land containing four and one tenth acres, more or less, which was the north part of the east half of lot number 318 and was separated from lot number 317, the property of the defendant, by the line of division between lots 318 and 317. The defendant filed separate answers in each case, similar in all respects, which admitted possession of land as described in the petition, but alleged that the land was included in lot 317, and that it was not in lot 318 as alleged by the plaintiffs. In this connection it was alleged that the real subject of litigation was as to the location of the true dividing line between lots 318 and 317. The two cases, by consent of counsel and by order of the court, were consolidated and tried as one case. At the trial held at the July term, 1923, it was agreed that the plaintiffs had good title to the lot number 318, and that the defendant had good title to the lot number 317. It also appeared that on January 25, 1922, the judge passed an order which, after stating the caption of the two cases, was as follows: "It appearing to the court that the issues involved in the above-stated cases are the location of certain land lines between the parties named, and that said lines can best be located by the aid of a competent surveyor: it is therefore ordered that ———————— be and he is hereby appointed to run and locate the dividing lines between the parties above named, and that he make a report and plat of his surveys back to this court not later than the April term, 1922, thereof. Ordered further, that the expenses of said surveys be borne equally by the parties to said suits. Ordered further, that said surveyor shall give five days notice in writing to said parties of the date on which he will run said lines."

M. H. Blackshear, a witness sworn for plaintiffs, testified: That he was formerly attorney for the defendant, and as such he and

his client who was present both participated in the agreement to have the line surveyed by a surveyor; that the order of the court was passed on the basis of such agreement; that the name of the surveyor was left blank, because they did not know what surveyor they could get at the time the order was passed; that there was no agreement as to a surveyor, and no line was run until after the April term, but sometime after the April term the defendant's husband asked witness what had been done about running the line, whereupon witness and plaintiffs' attorney saw Mr. White- hurst and he agreed to run the line, and witness and plaintiffs' attorney so informed defendant's husband; they informed him of the day agreed upon for running the line, and Mr. Whitehurst did run the line on that day. The surveyor, Z. Whitehurst, sworn for plaintiff, testified that he did not give either side any written notice of the time that he was going to run the line, but that the husband of defendant was present when the time was agreed upon and was present when the line was run. After the intro- duction of testimony as above indicated the witness also testified: "That they started at what they believed, from the best informa- tion they could get, was an agreed corner some two lots away from the lands in dispute, and ran the lines as indicated by the plat which was exhibited to witness. That he established the line as shown by said plat. That he ran the line by what he considered the proper degree, and the line came out beyond the corner at the rock pile, but he dropped back to the rock pile which was an agreed corner and ran the line as shown by the plat." After introduction of testimony as above indicated the plaintiff offered in evidence the plat made by the surveyor; whereupon the defend- ant's attorney objected to the plat and moved the court to rule out the testimony of the surveyor, on the ground that "the order of the court under which he was acting especially directed that the survey  .  .  should be made and the surveyor should make his report not later than the April term of said court, and the evidence showed that said survey was not made until after the time specified in the judge's order, and the surveyor had no authority to act after that time. Also for the reason that the surveyor had not given the written notice as required by said order." The court over- ruled the objection and held the defendant was conclusively bound by the report of the surveyor. At the conclusion of the plaintiff's

evidence a motion for nonsuit was overruled, and on plaintiff's motion a verdict was directed by the court. The form of the verdict stated the names of the parties in both cases, the character of the suits, the court, and the term to which the suits were filed, after which was the language: "We, the jury, find in favor of the plaintiffs, and also find that the Whitehurst line established between the parties under order of the court to be the true line of division between the lands [of each of the plaintiffs] . . as owners of lot No. 318 and [defendant] . . as owner of lot No. 317, said Whitehurst line being represented by the plat made by him and introduced in evidence." A judgment was entered on the verdict. The defendant filed a bill of exceptions, assigning as error "that the court erred in refusing to rule out the evidence of Z. Whitehurst and the plat. Also that the court erred in directing a verdict for the plaintiff, and in not granting a nonsuit."

*S. W. Sturgis,* for plaintiff in error.