VIRGINIA-CAROLINA CHEMICAL COMPANY *v.* FLOYD.

GILBERT, J. 1. Where in 1920 an owner of lands in this State executed and delivered a deed conveying the lands to secure a debt and conferring upon the grantee the power to sell the lands at public sale under certain conditions, upon the grantor's default in the payment of the debt, which deed was duly recorded on March 2, 1920, and where the grantee, acting within the terms of such power, sold the lands at public sale on May 25, 1923, executing a deed of conveyance to the purchaser, such sale and conveyance operated to vest in the purchaser the title to growing and unmatured crops planted and cultivated on the lands in 1923 prior to the sale by the grantor in the security deed in possession; the case being one where the title to such crops would have vested under the

law as it existed before the passage of the act approved August 21, 1922, entitled "An act to declare that growing crops shall be personalty," etc. Ga. Laws 1922, p. 114. This is in substance the decision rendered in the case of *Virginia-Carolina Chemical Co.* v. *Floyd,* 159 *Ga.* 311 (125 S. E. 709). This answers specifically the first of the two questions certified by the Court of Appeals. See also *Chason* v. *O'Neal,* 158 *Ga.* 725 (124 S. E. 519.).

2. Where one purchased the land at the public sale referred to above, receiving a deed of conveyance executed by the grantee in the security deed which contained the power of sale, he took the title to the crops free from the lien of a mortgage thereon which had been executed and delivered by the grantor in the security deed on May 22, 1923, prior to the date of the sale, which took place on May 25, 1923, although the mortgage was executed for the purposes contemplated by the Civil Code, §§ 3349, 3350, which relate to the liens of mortgages on crops and the superiority of such liens to judgments of older date. The provisions of section 3349 make the lien of a mortgage on crops given for the purpose stated in that section superior to a judgment of older date than such mortgage, but its provisions can not be so extended as to create the same superiority of the mortgage lien over a conveyance of title prior in date to the mortgage. The superiority of a mortgage on crops to older judgments is a creature of the statute referred to, but there is no statute making the lien of mortgages on crops superior to the rights of the grantee in a deed conveying title which is of older date than the mortgage.

What is said above answers the questions propounded by the Court of ·Appeals.                                   *All the Justices concur, except*

RUSSELL, C. J., dissenting. For one of the reasons which influenced me to dissent in the case of *Scott* v. *Paisley,* 158 *Ga.* 876 (124 S. E. 726), I dissent from the answer given to the second question.

No. 4443.   JANUARY 15, 1925.

Questions certified by Court of Appeals (Case No. 15544).

*James W. Harris* and *Pope & Bennet,* for plaintiff.

*H. A. Wilkinson,* contra.