DAVIES *et al. v.* BLASINGAME *et al.*

ATKINSON, J. 1. In a sale of land all prior negotiations are generally merged in the deed. However, if the parties know of specified defects in the vendor's title and a deed is executed containing a general warranty of title, and contemporaneously therewith a written statement is delivered to the grantee that "the defects" in the title are "to be cleared, and any expense to same is to be paid by" the grantor, as between the parties such contemporaneous statement should be deemed a part of the deed and construed as a special covenant of the grantor to clear the defects at his own expense. In an action by the grantors upon purchase-money notes given for the property, the grantee can recoup damages for breach of the covenant.

2. Under application of the principles stated in the preceding division, the charge on the law of prescription as complained of in the fourth ground of the motion for a new trial was erroneous, because it overlooked the contention of the defendant that he was entitled to damages for failure of the plaintiff to perform his covenant to remedy particular defects in his muniments of title, and tended to exclude that part of the defendant's case from consideration by the jury. This is not a ruling as to the amount of damages recoverable for failure to perform the covenant.

3. Where a grantee receives from his grantor deeds purporting to convey absolute title to land and enters into possession of the land under such

deeds, the grantee as owner of the land may, as against the grantor, lawfully lease the land to a tenant for part of the crop and take from the tenant a lien on his share of the crops on the land, and may transfer the lien to a bank. In such instance the right of the bank as transferee of the lien is unaffected by any claim of interest in the crops asserted by a creditor of the grantor who has received from the grantor a security deed, which was duly recorded, conveying the land to secure a series of purchase-money notes, and providing that the creditor may enter upon the land and collect "the rents and profits thereof," if the grantor breaches certain covenants contained in the deed relating to acceleration of maturity of the secured debt, there having been no sale under the security deed of the grantor's interest in the land prior to the contract of tenancy. Such provision as above mentioned, relating to "rents and profits" refers to such as the landlord derives, and does not purport to affect the interest of the tenant in the crop, against which the lien of the bank as transferee operates. All that is ruled in this decision accords with the principles stated in *Chason v. O'Neal*, 158 *Ga.* 725 (3) (124 S. E. 519).

(a) The case differs on its facts from *Virginia-Carolina Chemical Co. v. Floyd*, 159 *Ga.* 555 (126 S. E. 378), cited in the brief for the defendant in error, in which there was a sale of the land under the security deed, and that deed was executed prior to the act of 1922 (Acts 1922, p. 144), declaring that growing crops shall be personalty.

(b) Accordingly it was erroneous to charge the jury as complained of in the fifth ground of the motion for a new trial, which in effect made the right of the bank, under its assertion of lien upon the crops, depend on the finding of a verdict for the grantee on the issues between him and the grantor.

4. The opinion of an attorney at law testifying in behalf of the plaintiff as an expert witness, as set forth in the eighth ground of the motion for a new trial, to the effect that if he were examining title to land and should find that the purported owner "had been holding that property as owner thereof and been occupying it and keeping it adversely to everybody for more than twenty years," he would "consider that was a good title," was matter for decision by the court, and could not be given in testimony by a witness. *Bleckley v. White*, 98 *Ga.* 594, 596 (25 S. E. 592); *Hirsh v. Beverly*, 125 *Ga.* 657 (9) (54 S. E. 678).

5. The sixth and seventh grounds of the motion for a new trial, relating to the rejection of evidence, fail to set forth enough of the evidence and with such clearness as to enable the court to determine its materiality and relevancy, and therefore will not be considered.

6. The ninth ground of the motion for a new trial, which complains of the charge, can not be understood without resort to other portions of the record, and is insufficient to raise any question for decision.

7. As there is a reversal of the judgment refusing a new trial on other grounds, no ruling will be made on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9180. AUGUST 8, 1933.

454

*Roberts & Roberts* and *D. P. Phillips,* for plaintiffs in error.
*W. T. Dean* and *Burress & Dillard,* contra.