## DAVIES *v.* BLASINGAME *et al.*

ATKINSON, Justice. 1. In view of the statements in the letter from the attorney to Davies, introduced in evidence without objection, pointing out the defects in the title referred to, and the evidence of the plaintiff substantially admitting the defects, the refusal of the court to admit the abstract of title, when offered in evidence by the defendant for the sole purpose of showing what defects to be cured were contemplated by the parties in making the contract, was not cause for reversal.

2. The decision in *Davies* v. *Blasingame*, 177 *Ga.* 450 (1, 2) (170 S. E. 477), was not a ruling that the contract was entire. The circumstances do not denote intention to make nor do they make the transaction an entire contract. On the contrary, execution of the deed in the circumstances, taking possession under the deed, execution of the notes and security deed on the basis that title had passed, and introduction of the special covenant expressing the promise of the grantor to pay the expense to be incurred in curing the defects in title, denote intention to make the special covenant severable, and such intention renders the covenant separate. *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279; *Broxton* v. *Nelson*, 103 *Ga.* 327 (30 S. E. 38, 68 Am. St. R. 97); 6 R. C. L. 858, § 246.

(a) Neither did the special covenant create a condition precedent that must be performed by the obligor before the contract becomes absolute.

(b) In so far as the requests for instructions to the jury stated correct principles of law, they were not adjusted to the case, and were properly refused.

3. The excerpts from the charge to the jury, on which error was assigned, do not afford the defendant ground for reversal.

4. In so far as the verdict was against the defendant, the evidence was sufficient to support it, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*

No. 10626. September 25, 1935.

*D. P. Phillips* and *Roberts & Roberts,* for plaintiff in error.
*Burress & Dillard* and *William T. Dean,* contra.