## MICKLE, administrator, *et al.* *v.* MOORE.

No. 12847.  July 12, 1939.

*Frank L. Gearrald, J. L. Smith, R. O. Jones,* and *W. Y. Atkinson,* for plaintiffs in error.

*Boykin & Boykin,* contra.

DUCKWORTH, Justice. ■ Ground 2 of the amendment to the motion for new trial assigns error upon a ruling excluding the testimony of the plaintiff's witness Bonner, on cross-examination, that witness and plaintiff went to all the heirs with a deed conveying to plaintiff fifty acres of the land sued for, and attempted to get the heirs to sign that deed. This testimony describing the conduct of plaintiff, which was inconsistent with her claim made in this suit, was material to the defendants' case, and was not inadmissible on the grounds upon which the motion to exclude was made; that is, that it was irrelevant, immaterial, and illustrated no point in the case. If the plaintiff had a valid contract by the terms of which she was entitled to other lands and personal property in addition to this fifty acres, her conduct in seeking to obtain only the fifty acres was inconsistent with her rights. This conduct was certainly material for the consideration of the jury in determining whether or not the alleged contract was made. The defendants were entitled to have this testimony submitted to the jury for whatever weight they might give it in discrediting plaintiff's claim. The ruling excluding the evidence was error. Code, § 70-203.

■ The plaintiffs in error have abandoned grounds 3, 4, 7, and 13 of the amendment to the motion for a new trial, and therefore no ruling is made thereon.

■ Ground 5 complains of the ruling admitting in evidence a plat of the home place, purporting to have been made by R. B. Pratt, a civil engineer, upon the ground that the plat had not been proved to be correct. The only evidence identifying or tending to prove the correctness of this document was the testimony of witness Bonner, who testified that the plat was correct; but at the

same time this witness testified that she did not know where the lines were around the tract, and that she had never been on the back side of that land. We do not think this testimony was sufficient to prove the correctness of the plat. While the witness at one point testified that it was correct, her further testimony clearly disclosed that her statement was a conclusion, and that she was without information and knowledge that would enable her to testify whether or not the plat was correct. While an unofficial plat like the one here involved is admissible in evidence when proved to be correct (*Bunger* v. *Grimm,* 142 *Ga.* 448 (5), 83 S. E. 200, Ann. Cas. 1916C, 173; *Reynolds* v. *Snellgrove,* 158 *Ga.* 683, 124 S. E. 136), yet where there is no proof of its correctness it should not be admitted in evidence.

■ Grounds 6, 9, and 11 complain because the court admitted in evidence certain testimony and documents, over the objection of the defendants that this evidence was irrelevant and immaterial. Under repeated rulings of this court, it is not reversible error to admit evidence that is merely irrelevant and immaterial. These grounds are without merit. *Thompson* v. *Thompson,* 77 *Ga.* 692 (7) (3 S. E. 261); *Chandler* v. *Mutual Life & Industrial Association,* 131 *Ga.* 82 (2) (61 S. E. 1036); *Westberry* v. *State,* 175 *Ga.* 115 (7) (164 S. E. 905).

■ Ground 8 complains of the ruling excluding testimony of the witness Hope Moore, and sets out the question as follows: "Before the deed was brought to you by Mrs. Sallie Bonner, did Miss Dillie come to you and talk with you about signing a deed?" Answer: "That Sunday afternoon Mrs. Bonner asked me about the deed, before she showed me the notes. She said to me, Hope, you are my brother, I always . . " Here the witness was interrupted by the plaintiff's counsel, and motion was made to rule out the testimony on the ground that it was hearsay; and the motion was sustained. It is not shown what answer the witness would have given if permitted to respond to the question propounded, and it does not appear that the defendants were injured by the exclusion of the testimony that was given. Accordingly this ground is without merit.

■ Ground 10 complains of the ruling of the court which allowed the plaintiff, while on cross-examination and in reply to the question, "You mean to tell the jury they walked in at night,

right in the room, and had your mother sign the paper, and you didn't even inquire about what it was?" to answer, "I never thought about them pulling any such thing as that, because mother had already given me this fifty acres—said she was going to make a will. I never thought about the will. Mamma had already agreed to make a will and give me this fifty acres and the home, and I never thought about such a thing as a will." Objection by the defendants to the conversation or transaction with her mother was overruled. This witness was the plaintiff in a suit against the representative of her mother's estate, and under the Code, § 38-1603(1), she was clearly prohibited from testifying as to conversations and transactions had with her deceased mother. But her counsel, recognizing this rule, make the contention that in view of the circumstances in which the testimony here objected to was given she was entitled to have it remain before the jury. It is contended that the testimony was responsive to the question propounded on cross-examination, that the question was designed to put the witness in an embarrassing position, and that the response of the witness was authorized under the law to avoid this embarrassment. In support of this contention *Anderson* v. *Brown,* 72 *Ga.* 713, *Helton* v. *Shellnut,* 186 *Ga.* 185 (3) (197 S. E. 287), *Brown* v. *Wilson,* 55 *Ga. App.* 262 (2) (189 S. E. 860), and *Scott* v. *State,* 57 *Ga. App.* 187 (194 S. E. 844), are cited and relied on. While it is true that counsel on cross-examination of a witness will not be allowed to take chances on asking a dangerous question which may elicit a damaging answer and an answer that would otherwise be inadmissible, and thereupon have such answer excluded from the consideration of the jury, yet this rule will not be so extended as to authorize a witness while on cross-examination to give illegal and inadmissible testimony that is not responsive to the question propounded, and thus defeat the law fixing the rules of evidence. Thus to extend the rule would strike down important safeguards now established by the rules of evidence. In this case the question propounded did not in any wise invoke the alleged contractual relationship of the witness with her mother, nor did the testimony relating to conversations and transactions with the witness's mother illustrate or explain the silence and inaction of the witness while standing in the presence of her mother at the time the mother's will was executed. The testimony here objected

to was clearly inadmissible under the law; and not being responsive to the question propounded, it should have been excluded on motion. *Roberts* v. *Johnson,* 152 *Ga.* 746 (111 S. E. 194); *Odum* v. *McArthur,* 160 *Ga.* 281 (127 S. E. 848); *Hardeman* v. *Ellis,* 162 *Ga.* 664 (27) (135 S. E. 195).

■ Ground 12 complains of excerpts of the charge to the jury, to the effect that if the land was sufficiently identified in the alleged agreement, so that it could be described accurately, it would not be necessary that the description be in metes and bounds and in detail; and of that part of the charge to the effect that if plaintiff did not procure her mother to make a will and had made no election to take under the will, the mere probate of the will would not estop her from contending for the performance of the alleged contract. None of the criticisms of these instructions are meritorious. The charge as given was a correct statement of the law applicable to the questions involved.

■ Ground 1 of the amendment to the motion for a new trial is but an amplification of the general grounds, all complaining of the insufficiency of the evidence to support the verdict. Since the judgment is reversed and the evidence on another trial might be different from that in the present record, no ruling is made on these grounds.

*Judgment reversed. All the Justices concur, except* ATKINSON, P. J., who dissents from the ruling in division 6 of the decision.