## HENDERSON v. THE STATE.

No. 17436. Argued April 9, 1951.—Decided May 15, 1951.

*Daniel Duke, E. E. Moore*, and *S. S. Robinson*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *Wright Lipford*, Solicitor-General, and *Boykin & Boykin*, contra.

Atkinson, Presiding Justice. (After stating the foregoing facts.) From the brief of evidence it is clear that the deceased was murdered. The question before the jury was whether the accused was the person who did the killing. Identity was the vital issue. Upon this question the evidence was substantially the same as on the previous trial, with the additional testimony

of the sole eyewitness that—after having seen and heard the accused at the scene of the crime, subsequently when interrogated by officers, and again at the previous trial—in her opinion the accused was the party who shot deceased; also that the accused was familiar with the scene of the homicide.

To connect the accused as the guilty person, the State produced evidence that a pistol owned by him fired the fatal shot. A bullet was taken from the body of the deceased, and by expert testimony the State sought to show that this bullet was fired from the pistol of the accused.

George T. Cornett, as an expert on the identification of bullets, testified that he compared the bullet taken from the body of the deceased with other bullets fired from the pistol in evidence, and that in his opinion the pistol, which had been identified as belonging to the accused, fired the bullet taken from the body of the deceased. His testimony was lengthy and contained much of a technical nature.

By the third ground of the amended motion an exception is taken to a statement made by the witness Cornett while being cross-examined. He had testified upon direct examination that, in his comparison of the bullet taken from the body of the deceased with a test bullet fired from the pistol in evidence, he came to his conclusion by an examination under a comparison microscope, which is really two microscopes and a camera. When looking through the instrument with one eye, with the base of one facing the base of the other and each magnified the same, the lands and grooves, which are impressions left on the bullets by the bore of the gun, are checked to make a comparison to see if the lands and grooves were approximately the same width; and that he found them to be of the same width.

Upon cross-examination, the witness testified: "I took a picture of one groove, which left four grooves I did not take, of the evidence or the test bullet. I did not photograph any lands or either of these five lands, only the groove, the one groove photographed. Of course, two lands show there. Yes, sir, I have an instrument there for the purpose of measuring between the grooves. I did not measure the top of the grooves. I did the width of the grooves and lands. I didn't do that because the comparison microscope is the highest and best evidence." At-

torney for the accused: "I asked him why he did not measure the distance and depth of the grooves, and the witness explained by giving the reply that the microscope was the highest and best evidence. . : I ask that that be ruled out as a conclusion. I want to further say that it is for the jury to determine." The Court: "I overrule the objection because it was in response to a question asked by the counsel."

We can not construe the answer here given as being in response to the question propounded. A thorough and sifting cross-examination is a fundamental right. Why the witness did not "measure the distance and depth of the grooves" was a pertinent question calling for an explanation of his mode of examining the two bullets and why linear measurements were not used to measure the grooves. The witness had testified that he compared the two bullets and matched them with his eye through a comparison microscope. Whether he had made linear measurements of the grooves and lands, and if not why not, was a proper inquiry upon cross-examination. If linear measurements were not necessary to establish similarity, or if the comparison microscope was equally, or more accurate, he could have so stated. But when he omitted to confine his answer to facts, or to his opinion as an expert on bullet identification, and planted his reply in the realm of the judiciary by stating a legal conclusion, it was improper and prejudicial, and should have been ruled out on motion.

Ordinarily, on cross-examination, one can not take chances in propounding questions which may elicit damaging answers, otherwise inadmissible, and then have the answers stricken from the record; but this rule will not authorize illegal and inadmissible testimony which is not responsive to the question. *Mickle* v. *Moore*, 188 *Ga.* 444 (6) (4 S. E. 2d, 217). The answer here was not only not in response to the question (see *First National Bank of Gainesville* v. *Cody*, 93 *Ga.* 127 (3), 19 S. E. 831; Pilot Life Ins. Co. *v.* Wise, 61 Fed. 2d, 481 (7); 70 C. J. 569, § 726), but was a conclusion of law and a question that only the court could determine. *Carter* v. *Buchannon*, 3 *Ga.* 513 (6); *Mobley* v. *Breed*, 48 *Ga.* 44 (3); *Gaston* v. *Gainesville & Dahlonega Electric Ry. Co.*, 120 *Ga.* 516 (3) (48 S. E. 188); *Lamb* v. *Mayor &c. of Brunswick*, 121 *Ga.* 345 (49 S. E.

275); *Georgia Ry. & Power Co.* v. *Head,* 155 *Ga.* 337 (116 S. E. 620); *Davies* v. *Blasingame,* 177 *Ga.* 450 (4) (170 S. E. 477); 32 C.J.S. 90, § 453; 20 Am. Jur. 672, § 799.

Other approved grounds of the amended motion as to matters which might recur in another trial set forth no reversible error. In view of the rulings here made, it is not necessary to pass on the general grounds, or the grounds of amendment alleging newly discovered evidence.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent because the answer of the witness, in my opinion, is directly responsive to the question propounded and was admissible. *Mickle* v. *Moore,* 188 *Ga.* 444 (6) (supra). I am authorized by Justice Candler to state that he concurs in this dissent.