20166. McCLUNG *v.* SCHULTE.

ARGUED SEPTEMBER 10, 1958—DECIDED OCTOBER 10, 1958.

428

*William C. O'Kelley,* for plaintiff in error.

*J. Robin Harris, McCurdy, Candler & Harris,* contra.

HEAD, Justice. Surveys or plats made pursuant to the requirements of Code § 23-1112 are presumptive evidence of the facts set out therein. In the present case it is conceded that the plat in question (plaintiff's Exhibit No. 5) did not meet the requirements of this section of the Code. It is contended, however, that the plat was verified by the testimony of T. A. McClung, and that it was, therefore, admissible as illustrative of the oral testimony of this witness. It is true that unofficial surveys are admissible when proved to be correct. *Bunger* v. *Grimm,* 142 *Ga.* 448, 449 (5) (83 S. E. 200, Ann. Cas. 1916 C 173); *Reynolds* v. *Snellgrove,* 158 *Ga.* 683 (124 S. E. 136); *Mickle* v. *Moore,* 188 *Ga.* 444, 448 (4 S. E. 2d 217); *Durden* v. *Kerby,* 201 *Ga.* 780 (41 S. E. 2d 131).

In the present case the testimony of T. A. McClung was insufficient to prove the correctness of the plat (plaintiff's Exhibit No. 5). His testimony established, beyond question, that he did not know the location of the west line of Land Lot 13, which was the west line of his wife's property, and the east line of the property of the defendant in Land Lot 12, and he testified that he could not place this line on the plat. It is not a plat of the

lands described in the petition, but is a plat of a much larger tract, as shown by the measurements and distances set out therein. The petition alleges that the plaintiff's land is described as beginning at an iron pipe located 3 feet from the northwest corner of the tool shed of the plaintiff. The testimony of both the plaintiff and her husband shows that a part of the tool shed is over the line and located on property of the defendant. The testimony of T. A. McClung shows that the tool shed referred to is nowhere shown on the plat. The plat, therefore, could not aid in locating the line claimed by the plaintiff, and it was properly excluded.

Neither the allegations of the petition, nor the testimony of the witness T. A. McClung, is sufficient to establish the location of any line. The petition alleges that the true line is "approximately 8 feet east" of the fence at the widest point, and McClung testified that, in relation to the fence, "the line is about 8 feet from the fence." In effect, the petition was one to recover possession of a triangular strip of land beginning at a point on the admitted true line, and running 121 feet in length, thence "approximately 8 feet" west of the line claimed by the plaintiff. It is essential to the maintenance of an action for the recovery of land that it be described with such certainty that, should the plaintiff recover, the sheriff in the execution of a writ of possession can deliver possession of the lands in accordance with a valid description contained in the judgment of the court. *Williams* v. *Perry*, 136 *Ga.* 453 (71 S. E. 886) ; *Dodd* v. *Madaris*, 206 *Ga.* 497 (57 S. E. 2d 597) ; *Callaway* v. *Armour*, 208 *Ga.* 136 (65 S. E. 2d 585).

The testimony of both the plaintiff and her husband shows that they had encroached upon the lands now owned by the defendant, and that this encroachment was had with the permission of the then owner. The plaintiff did not acquire any prescriptive right by the permissive encroachment made upon the lands now owned by the defendant, since it is not shown by any testimony that either the plaintiff or her husband gave any notice at any time that they were claiming adversely to the rights of the defendant. Code § 85-402; *Rucker* v. *Rucker*, 136 *Ga.* 830 (72 S. E. 241) ; *Johnson* v. *Mary-Leila Cotton Mills*, 155 *Ga.* 344

(116 S. E. 609); *Harris* v. *Mandeville*, 195 *Ga.* 251 (24 S. E. 2d 23).

The testimony on behalf of the plaintiff was insufficient to establish the location of any line with the degree of certainty required by law, and the grant of a nonsuit was not error.

*Judgment affirmed. All the Justices concur.*