A99A2067. WARE v. RUTLEDGE et al.
(523 SE2d 411)

McMURRAY, Presiding Judge.

Defendants-appellees Albert Rutledge, Frances Rutledge and Alan Lee Rutledge are the owners of certain real property in Chattooga County adjacent to the southern and western boundary lines of real property owned by plaintiff-appellant Paul Ware. Ware initiated this action as a claim for damages, alleging defendants intentionally trespassed by bushhogging plaintiff's planted pine trees, by constructing a fence on plaintiff's land, and by removing surveying stakes and monuments. Defendants denied the material allegations and counterclaimed, contending it was plaintiff who trespassed by planting pine trees on defendants' land and by removing defendants' surveying stakes. The precise locations of the boundary lines and of an easement in favor of plaintiff were tried before a jury which returned special verdicts in favor of defendants, based upon a 1997 plat of the survey performed by defendants' expert, K. C. Campbell. Plaintiff Ware's motion for new trial was denied, and this appeal followed. In two related enumerations of error, Ware contends the 1997 Campbell survey and plat do not constitute competent evidence because they are contradicted by the property description and common boundary as established in a 1955 plat performed by the county surveyor, and so the verdict is without evidentiary support. *Held:*

We affirm. The 1955 Scoggins plat is not presumptive evidence,

---

[6] OCGA § 40-6-392 (d) (refusal to take breath test is admissible as evidence of guilt).

and the Campbell survey was performed following the description of the original conveyance cum reservation from a common grantor. Thus, the Campbell survey was admissible evidence and was sufficient to support the jury's verdict.

Surveys or plats of land within his county, made by the county surveyor *under order of court*, stating the contents, courses, and distances of any land surveyed by him are presumptive evidence of the facts set out therein. OCGA § 36-7-12; *McClung v. Schulte*, 214 Ga. 426, 428 (105 SE2d 225). The February 1955 Scoggins plat was prepared by J. B. Stephenson, the county surveyor in 1955. But nowhere is it shown that the 1955 Scoggins plat was prepared under court order. Since the Scoggins plat was not prepared by the county surveyor under court order, it was not presumptive evidence of the facts shown therein. *Sutton v. City of Cordele*, 230 Ga. 681, 683 (5) (198 SE2d 856). Ware's contention that the 1997 Campbell survey is incompetent evidence to contradict the Scoggins plat is without merit.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 14, 1999.

*Edward F. Danowitz, Jr.*, for appellant.
*H. Robert Hannah III*, for appellees.