Davis *vs.* Davis.

## DAVIS *vs.* DAVIS.

1. The purchase of negroes belonging to the estate of a deceased person, from any body whatever, before administration is taken on the estate, amounts to a conversion by the purchaser, and authorizes the administrator, when one is afterwards appointed, to recover of the purchaser, not only the negroes, but their hire from the time of the purchase.

   Case, in Putnam Superior Court.    Tried before Judge HARRIS, at March Term, 1860.

   This was an action brought by Sidney C. Davis, administrator with the will annexed of Shadrack Floyd, deceased, against Thomas J. Davis, executor of the last will and testament of Asa Zachary, deceased, to recover the value of compensation for the use and labor of two negro slaves, Kitt and Dave, held and enjoyed by defendant's testator from 1847 to 1853, or 1854, and which slaves belonged to plaintiff as administrator aforesaid.

   The facts of this case are about as follows :

   Shadrack Floyd, deceased, by the 4th item of his last will and testament, bequeathed and devised certain property to his wife, Martha Floyd, during her natuaral life. By the 7th item he says : "It is further my will and desire that after the death of my wife, Martha, the whole of my estate not hereinbefore disposed of shall be sold at twelve months credit and good security taken, in such lots as will likely bring the most money, and divide equally among my children that may be in life at that time, and if there should be any one or more of my children not living at the death of my wife, but leaving legitimate issue, all such children shall receive the

portion their father or mother would have been entitled to by this will."

After Floyd's death, his wife retained the property bequeathed to her for life, and the executors appointed by said will never qualified; and the estate being thus unrepresented, the said Martha, on the 3d day of January, 1845, sold two of the slaves bequeathed to her for life, to-wit: Kitt and Dave, to Asa Zachary, defendant's testator, and executed to him bills of sale for the same. She undertook to sell the said negroes absolutely, receiving for Kitt five hundred dollars, and for Dave six hundred dollars. Zachary took possession of the negroes and held them until his death, about 1853. Mrs. Floyd, the tenant for life, died in 1847. After Zachary's death, plaintiff took out letters of administration, with the will annexed, on Shadrack Floyd's estate, and brought an action of trover against Thomas J. Davis, (who was the executor of Asa Zachary, and in possession of the negroes,) for said negroes. The action was against Davis individually, and not against him as executor, and recovered said slaves, and their hire from 1853 to the time of the trial, about 1856. Afterwards, plaintiff brought this action against Davis, as executor of Zachary, to recover the value of said negroes, or compensation for their use and labor from 1847 up to 1853, the time they were held by testator, and for which period no hire or compensation was recovered in the first action of trover.

Defendant, amongst other pleas, pleaded the verdict and judgment in the former action of trover, as a bar to any further recovery.

No point was made on the testimony; which being closed, counsel for defendant requested the Court to charge the jury as follows:

1st. That if they believed that Zachary was properly in the possession of the negroes at the termination of the life-estate, then he was not liable for hire until he had an opportunity to turn them over legally, unless the plaintiff shows that he used them or got some benefit from them.

Which charge the Court refused to give, and defendant excepted.

2d. That Zachary was not required to drive the negroes off and abandon them, when there was no person entitled, in

law, to receive them, to save himself from the payment of hire.

This request the Court refused to charge, and defendant excepted.

3d. That if Zachary had the negroes in possession at the death of the life-tenant, it was his duty to hold them ready, and surrender them to the true owner when he should appear; and unless it has been shown that he did otherwise, his estate is not liable for hire.

This charge the Court refused to give, and defendant excepted.

4th. That any refusal of defendant, Davis, to surrender the negroes, after the death of Zachary, does not affect Zachary's estate.

This the Court refused, and defendant excepted.

5th. That to enable plaintiff to recover, it must' appear that Zachary was in life at the death of the tenant for life.

Which charge the Court refused to give, and defendant excepted.

6th. That if the jury believe that the legatees of Shadrack Floyd got the benefit of the purchase money of the negroes, they are not entitled to recover the hire, though said sale was irregular, especially if they knew of the sale and acquiesced in it.

Which the Court refused to give, on the ground that there was no testimony to authorize such charge, and counsel for defendant excepted.

The Court then charged the jury, that the remaindermen under the will of Shadrack Floyd, deceased were authorized to receive the property at the death of the tenant for life, and that 'it was the duty of Zachary to deliver the property to them. Counsel for defendant asked the Court to add, that if the remaindermen had the right to recover the property at the death of the life-tenant, then the statute of limitations commenced to run at that time. Which additional charge the Court refused to give, holding, that it was the duty of Zachary to hunt up the remaindermen, or force an administration on Floyd's estate. To which charge and refusal to charge, counsel for defendant excepted.

The jury found for the plaintiff fourteen hundred and thirty-seven dollars and fifty cents.

Whereupon, counsel for defendant tenders his bill of ex-

Davis *vs.* Davis.

ceptions, assigning as error the charges and refusals to charge above stated and excepted to.

N. G. FOSTER, represented by AUGUSTUS REESE, for plaintiff in error.

JUNIUS WINGFIELD, *contra.*

*By the Court*—STEPHENS, J., delivering the opinion.

It is useless to consider separately all the charges which were requested and refused in this case; for a single view shows that they were all properly refused. Mrs. Floyd had no authority to sell these negroes; because even her life-estate in them was not valid without an administration upon Floyd's estate; and when she sold them she was guilty of a conversion, and when Zachary bought them from her, he was guilty of a conversion, to the injury of Floyd's estate, and Floyd's administrator was the person to recover damages for the injury. The charges asked and refused all turn upon the supposed necessity of some *further* conversion, before the plaintiff could recover. *One* conversion by the defendant is enough to maintain the action of trover, and there was one very unequivocal one in this case, when Zachary bought and applied to his own use the negroes of Floyd's estate, from a person who had no power to sell them. The plaintiff, in strict law, might have recovered the hire from the time of Zachary's purchase; but he very properly, under the facts, declined to demand it except from the death of Mrs. Floyd, when her imperfect title under the will ceased. We deem it scarcely necessary to add, that no judgment against Davis, as an individual, could protect him from a recovery against him as an executor.

Judgment affirmed.