THE PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY plaintiff in error, *vs.* AMELIA B. LESTER, defendant in error.

1. It was error to admit receipts for interest on premiums due on insurance policy, on proving simply that upon a comparison of the signatures to the same with certain other admitted signatures of the agents of such company, the witness was of opinion that the hand-

writing was the same, he having no other · knowledge on the subject.

2. Where receipts were admitted on such proof, and at a later stage of the trial, the signatures were properly established, their admission is not ground for new trial.

3. Although a life policy contained a provision that it was to be void on failure of insured to pay interest on premiums at the times when due, and that agents were not authorized "to make, alter, or discharge contracts, or waive forfeitures," yet, if after an installment had become due, the agent had notice that insured was sick, and afterwards received the money and transmitted it to the company, which received it, the company thereby waived the forfeiture.

Insurance. Evidence. New trial. Contracts. Principal and agent. Waiver. Before Judge CLARK. Sumter Superior Court. April Term, 1877.

Reported in the decision.

R. F. LYON; G. W. WARWICK, for plaintiff in error.

N. A. SMITH; HAWKINS & HAWKINS, for defendant.

WARNER, Chief Justice.

This was a suit on life policy, issued by plaintiff in error on the life of A. J. Lester, husband of defendant in error, to recover the sum of $5,000, less the amount due the company for unpaid premiums, to which said defendant pleaded, "that the policy was forfeited by non-payment of the interest due December 30, 1873, the same not being paid until the 30th day of January, 1874, and that the insured was not then in perfect health, but was sick, and of which sickness he died on the 3d day of February, 1874, which sickness was unknown to the company at the time of the acceptance of said payment."

On the trial of the issue, the jury found a verdict for the plaintiff; defendant made a motion for a new trial on the several grounds therein stated, which was overruled by the court, and defendant excepted.

By the terms of the policy, the insured was to pay the local agent of the company, on printed blanks sent out from the company, on the 30th day of December, 1871, interest for one year on the premium, to-wit: the sum of $33.90; December 30, 1872, $67.80; and, December 30, 1873, the sum of $101.70; the premiums being secured by mortgage, and due in 1876, with the following stipulations:

"Agents of this company are not authorized to make, alter, or discharge contracts, or waive forfeitures." "And, it is further agreed, that until the expiration of the period of five years interest at the rate of 7 per cent. per annum, is to be paid in advance on the accumulated premiums each year as they would fall due if paid in cash; and in default of such payment of interest as due, this policy to be null and void."

"No premiums will be received by the company continuing the risk after the day named in the policy    *    * unless the insured is in perfect health, and the risk continued at the option of the company."

"All the receipts of the company, at any time, for premiums past due are viewed by the parties in interest as acts of courtesy, and not to be precedents, or as a waiver of the forfeiture of the policy."

To secure five years' premiums on this policy, the assured gave a mortgage, with trustees, on real estate, for the sum of $2,421.50, interest to be paid as described in policy, with this clause of right of sale: "In the event that default shall be made in the payment of the above-mentioned money, as it becomes due and payable, then the trustees, on being required so to do by the company, shall sell the property    *    *    * to discharge the amount of money then payable upon the amount of said debt."

Receipt from A. J. Lester for $101.70, signed F. E. Burke, agent, the order dated Richmond, Va., January 19, 1874, bearing signature, D. J. Hartsook, secretary; T. Stanly Beckwith, general agent; J. J. Hopkins, assistant secretary. Also similar receipt from the same for $67.80, ᵗᵉᵈ Mᵃʳᶜʰ 12, 1873.

Plaintiff introduced B. P. Hollis, Esq.; handed him the two receipts as above, also two affidavits heretofore used in this case, purporting to be signed by J. J. Hopkins and W. C. Carrington, also original policy, and proposed to prove by him that the signatures to the receipts were similar to the affidavits and policy. Defendant objected—objection overruled. Witness, after comparison, said it was his opinion that the signatures were the same. Receipts were then allowed to go to the jury over defendant's objection.

John Windsor sworn by plaintiff said : He was son-in-law of plaintiff; F. E. Burke was agent of the company here at the death of insured. Lester died February 3, 1874 ; had been sick about a week ; had something 'like pneumonia. He paid Burke, agent, $101.70 and took up Lester's renewal interest receipt for third year. Lester was taken sick the day before ; told Burke. Lester was sick before paying the money. Lester did not get up from that sickness.

F. E. Burke, for plaintiff, sworn : I was agent of defendant in 1871, 1872 and 1873, and till after Lester died. I issued this policy. I signed it. Lester paid me first interest receipted in policy. He paid me second payment as set forth in receipt dated March 12, 1873. Mr. Windsor paid me the third interest on the 30th day of January, 1874. Either just before or just after the third payment fell due, Mr. Lester asked me if I had his renewal receipt. I then wrote for it. [Letter shown him dated January 16, 1874.] Yes, this is the letter. I remitted the third payment to the general agent, and have the company's receipt for it. The second payment was made a longer time after it was due than the last. · Windsor did not tell me Lester was sick abed. I think he told me he was at home sick, and would not be down. I did not at that time suppose he was sick, or I would not have received the money. He was an old man and generally ailing ; spent most of his time at our bank ; was one of the directors ;

lived on the edge of town. Dr. Beckwith was the general agent of the company.

The court charged the jury as follows : "If, at the time the money was paid, Lester, the insured, was sick, and that fact was communicated to the agent of the company, notice to the agent was notice to the company, and if, after such notice, the company received the money, they waived the forfeiture and are liable on the policy."

And refused to charge as requested the converse of the above stated charge.

1, 2. The admission of the receipts in evidence on the testimony of Hollis, was error, but that error was cured by the introduction of Burke as a witness afterwards, who proved the hand-writing of the signatures to the receipts from his own knowledge thereof, so that the error in admitting the receipts in evidence on the testimony of Hollis, was no ground for a new trial, these receipts having been properly proved.

3. There was no error in the charge of the court, in view of the evidence in the record. Burke was the defendant's district agent, and notice to the agent of any matter connected with the business of his agency, was notice to his principal. But the evidence in the record brings this case within the principle ruled by this court, in *Green vs. The American Life Insurance Company, 57th Ga. Rep.*, 469. The interest was due on the policy by the insured, on the 30th of December, 1873, but was not then paid. Burke, the agent, called the defendant's attention to that fact by letter, and on the 19th of January, 1874, the defendant drew an order upon Lester, the insured, for the sum of $101.70, the amount of interest due on the policy on the 30th of December, 1873, and forwarded the renewal receipt to its agent, Burke, who received the money on the 30th of January, 1874, and remitted the same to defendant. The drawing of the order by the defendant upon Lester, the insured, for the interest which was due on the policy, on the 19th of January, 1874, was a waiver of the forfeiture of the policy for the non-pay-

ment of the interest which was due thereon on the 30th of December, 1873, and there is no pretense that the insured was not in his usual health on the 19th of January, 1874, when that order for the payment of the interest was drawn upon the insured by the defendant. In regard to the suggestion made on the argument, that the terms of the policy had not been complied with as to giving notice to the defendant of the death of the assured, etc., the letter of the defendant's president to Mrs. Lester, of the 1st of September, 1874, and the affidavit of its president, made in 1875, on the motion for a new trial, fully recognize the knowledge of its agents of the death of the insured, and who resisted the payment of the policy, not on the ground of the want of notice of the death of the insured, but on the ground as stated in the aforesaid affidavit, "that the policy was forfeited by the non-payment of interest then due and payable, at which date the insured was seriously sick, of which sickness he afterwards died." In view of the facts of this case as disclosed in the record, and of the law applicable thereto, there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.