WOLF *et al. v.* KENNEDY.

1. It is no cause for setting aside a judgment rendered by the city court of Atlanta, that the court was characterized in the plaintiff's petition as the city court of Fulton county, the process correctly describing it as the city court of Atlanta, which court is the only

city court held in Fulton county, and its jurisdiction extending to all residents of the county. Nor is it any cause for setting the judgment aside, that the property alleged to have been converted was vaguely and loosely described in the petition, and that some of it was stated therein to be the clothes of plaintiff's father.

2. That the same inaccuracy in designating the court was also in the bail-bond, is no ground for setting aside the judgment; nor is the omission to date the bond, or the failure therein to describe the property, the bond fully identifying the action in which it was given.

3. The bond given in this case corresponded substantially with that prescribed in section 3419 of the code, and the judgment was properly entered thereon against the principal and surety for the amount of the recovery in the action. It was not incorrect to designate the surety as such in the judgment, although he was not expressly described as surety in the bond and did not add the word "surety" or "security" to his name in executing the same. In an action for the conversion of personal property, the election of the plaintiff to take a money verdict is sufficiently apparent from the mere fact of the rendition of such a verdict, together with entering up judgment thereon payable in money only.

October 30, 1893.                                 *Judgment affirmed.*

Motion to set aside judgment. Before Judge WEST-MORELAND. City court of Atlanta. May term, 1893.

A statutory action for the recovery of personal property was brought by Miss Laura C. Kennedy against H. Wolf. A verdict and judgment in favor of the plaintiff were rendered on May 22d, and on June 1st motions were made and sworn to by Wolf and by Barwald, the security in the bail-bond, to set aside the judgment. The motions were overruled, and movants excepted. They alleged substantially as follows: The verdict and judgment were taken by default, in the absence of defendant and his counsel, who had a good and meritorious defence to the suit, and was prevented from appearing and defending by inadvertence and mistake. As soon as he was served, he consulted his counsel and employed them to prepare his defence and defend him in the suit. The copy of the petition and process which was served on him was accidentally mislaid, and he did not therefore

show it to his attorneys but informed them of it, and both he and they then supposed the case was in the superior court, as the clerk of the superior court is also the clerk of the city court, and the papers, process and wrappers used in both courts are very similar if not precisely alike in size, style, shape, color and general appearance. Defendant never once thought of the city court, and it was not once suggested in any of his consultations with his attorney, who advised him that it was only necessary for him to appear or plead at the first term of the superior court, which would not convene until March, 1893, and would continue in session until about the first of July; and promised to enter appearance by writing their names for him in the trial docket of the superior court before the adjournment of the first term, which is still in session, it having been the intention of the attorneys so to enter their names and file pleas if necessary, before adjournment, not once supposing the case was in any other court. Meanwhile defendant was procuring his witnesses, and his defence was being prepared. His counsel informed him that, on account of the crowded condition of the docket of the superior court, it would necessarily be over a year before the case could be reached for trial in that court. The matter was in that shape when the case was called in the city court of Atlanta, which recently had but two terms a year, but, by a change of the law which went into operation since defendant was served, now holds six terms a year; and on May 22, 1893, in the absence of any appearance or defence of defendant or his attorneys, the verdict and judgment were rendered for the full amount alleged to be the value of the goods sued for, and execution was immediately issued and levied on property of Barwald as security, and defendant then heard of it for the first time, and now at the first opportunity and during the same term of the city court

of Atlanta, he makes this motion and shows that he has the following good and meritorious defence to the suit (setting forth a number of alleged facts including the statements that he never did have possession of the property sued for or any of it, that no demand was ever made on him therefor, and that the affidavit of the plaintiff to the suit was false). Said suit and verdict are a fraud on defendant, and if allowed to stand will do him unconscionable injustice. The verdict and judgment are void, because: The declaration is addressed " To the city court of said county," and prays process to the " city court for Fulton county," there being no such court in existence or authorized by law; and process was issued by the clerk of the city court of Atlanta in the name of the judge thereof, and was attached to the petition and a copy served on defendant. The verdict and judgment do not show that the plaintiff elected what kind of verdict and judgment she would take, and no alternative is given, allowing the defendant to return the property; but they are a simple verdict and judgment as in case of *assumpsit.* The petition does not describe or identify the property with sufficient certainty to render a verdict or judgment on it, or for defendant or his security to return it, or the sheriff to receive it. For instance, the petition mentions " one carpet of the value of $20, one oil-cloth of the value of $5, four family pictures of the value of $50, two volumes of Enclyopedia of the value of $15, one lot of books of the value of $5, several ladies' dresses of the value of $12, several doll-chairs of the value of 50 cents, several pairs of nice gloves, and a great many other keepsakes that money could not have bought, of the value of $10, one small sack of old family papers containing two morocco pocket books filled with valuable family papers, at a small valuation of $200, one lot of petitioner's father's clothes of the value of $100, heirloom jewelry of the value of $5,"

without further description; and yet all and each of said articles are included in the amount of the verdict and judgment, with many more equally as badly described, and none of the articles in the petition described with sufficient certainty. The petition includes the item of "one lot of petitioner's father's clothes of the value of $100," without alleging that they were then the property of petitioner, but showing on the contrary that they were not her property. The obligation of the bond is, that defendant shall produce the property and have it forthcoming to answer the judgment, and the verdict and judgment are silent as to that and do not allow it. The property is not described in the bond, and the bond is not dated. It recites that it is based on a suit in the city court of Fulton county and is returnable to that court, when there is no such court created or authorized by law. The judgment and execution describe Barwald as security, when he is not named at all in the bond, either as principal or security, his name being simply signed to it with Wolf who is named in the bond as principal, without naming anybody as security in the body of the bond. Neither the bond nor the approval thereof is dated, nor does the bond describe the property. (The bond as shown by the record is "dated this ——————— 1892," and refers to the suit as returnable to the next January term, 1893, of the. city court for the said county. Following the bond is an affidavit by Barwald, "that he is security on the within bond," and that he owns property to a certain amount; which affidavit is dated December 16, 1892.)

LEWIS & GREEN, for plaintiffs in error.

M. H. V. JONES and HULSEY & BATEMAN, *contra.*