## HIRSH & COMPANY v. BEVERLY.

1. Authority to sell mules and apply the proceeds need not be in writing. The evidence of an attorney that he and another had the right to sell, provided the money arising was paid to certain creditors, may have been objectionable on other grounds, but not on the ground that such authority should be in writing.
2. Where a mortgage on personalty was foreclosed and levied on the mortgaged property, and a claim interposed, after proof of possession in the defendant subsequently to the date of the mortgage, the burden was shifted to the claimant to show that the property was not subject.
3. A mortgage on personal property, duly attested and recorded, gives notice to the world, and one who purchases the property does not take it free from the mortgage, if he does not have actual notice of it.

42

4. Where a fi. fa. based on the foreclosure of a mortgage was levied on the mortgaged property and a claim was interposed; and where, after a prima facie case had been made out in favor of the plaintiff in fi. fa., the claimant undertook to show that the property was free from the lien of the mortgage, because, by arrangement between the mortgagor and the mortgagees, the property was sold by duly authorized agents of the latter at private sale for the purpose of paying off the debt, the burden of establishing such affirmative plea was on the claimant.

5. If the plaintiffs duly authorized certain agents to make a sale free from the lien of the mortgage, and directed them to apply the proceeds to the payment of the mortgage, and if one of them did make a sale and received the proceeds, a misapplication thereof by him, if any, would not cause the property to remain liable. But such authority must be proved, and the burden of proving it rests on the party asserting it.

6. The mere relation of attorney and client does not alone confer authority on the attorney to release the lien of a client's mortgage or to make such an arrangement as that referred to in the preceding note.

7. If it appears that claims paid off and alleged to be liens had been reduced to writing or recorded, the writing would be the best evidence; but it does not clearly so appear.

8. The fact that one bought mules may be shown by parol, although a note may have been given for the purchase-money; but if there was a written contract and its terms are material, it would be the best evidence.

8(a). It is difficult to say just what the witness meant by the expression "that is in writing."

9. An opinion of an attorney as to whether there could be a lien against personal property was not admissible to show that there was none.

10. Whether the claimant "took his chances" was properly excluded.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted March 3,—Decided May 24, 1906.

Levy and claim.   Before Judge Mitchell.   Thomas superior court.   July 14, 1905.

*Kay, Bennet & Conyers* and *Roscoe Luke,* for plaintiffs.
*Theodore Titus,* contra.