11007. WADDELL *v.* WATKINS MEDICAL COMPANY.

STEPHENS, J. 1. Following the ruling of this court in *Watkins Medical Co.* v. *Marbach*, 20 *Ga. App.* 691 (93 S. E. 270), the contract sued on is one of suretyship and not of guaranty; and the petition, joining the principal and sureties as defendants, was not subject to demurrer upon the ground of a misjoinder of parties defendant.

2. The obligation sued on being joint and several, the suit properly proceeded against one of the sureties after having failed as to the principal and the other surety. *McMillan* v. *Heard National Bank*, 19 *Ga. App.* 148 (91 S. E. 235); Civil Code (1910), § 3559.

3. Where a witness testifies that he is familiar with the handwriting of a party, a written instrument is admissible in evidence as to the handwriting of such party upon proof by the witness that it is genuine. Civil Code (1910), § 5835.

4. Certain writings which the defendant admitted to be in his handwriting were properly admitted in evidence for the purpose of comparison with the disputed handwriting, without further proof of execution. Civil Code (1910), § 5836.

5. The court did not err, as complained of in the fourth, fifth, and sixth grounds of the amendment to the motion for new trial, in rejecting certain testimony, as the same was irrelevant and immaterial.

6. In a suit against a surety upon a written contract which purports to be signed by the defendant and another person as cosurety, whose signatures are attested by different persons as witnesses, where there is an issue formed on a plea of non est factum filed by one of the alleged sureties, evidence that the signature of the other surety was a forgery is irrelevant and immaterial to the issue, and is properly excluded when it does not appear that the signatures of both the alleged sureties were attached to the contract at the same time or under circumstances indicating that the signatures were attached as part of one transaction.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 27, 1920.

Complaint; from city court of Polk county — Judge Tison. September 25, 1919.

William Waddell was sued jointly with F. L. Westbrook and G. C. Golden, executor of W. F. Golden, deceased, by the J. R. Watkins Medical Company, for $1141.93. The plaintiff dismissed the suit as to Westbrook, who had not been served, and also dismissed it as to Golden; and it proceeded against Waddell, and a verdict was rendered against him for the full amount sued for. The suit as against Waddell was based on a written contract dated December 1, 1914, signed by Waddell and Golden respectively as "1st surety" and "2nd surety," and designating them as "the undersigned sureties," in which, in consideration of one dollar paid by the J. R. Watkins Medical Company and the execution of a contemporaneous agreement between that company and F. L. Westbrook for the sale of goods to him by it, and an extension of the time of his existing indebtedness to it, amounting to $1378.51, the signers "jointly and severally promise and guarantee" the payment of this indebtedness and payment for the goods as provided in the agreement referred to. The writing is identical in its material parts with the writing set out in the case of *Watkins Medical Co.* v. *Marbach,* 20 *Ga. App.* 692-3. Waddell admitted that about December 1, 1914, he signed a bond to the plaintiff like the one sued on, but only for $337; and he pleaded non est factum as to the instrument sued on.

Paragraph 5 of the foregoing decision relates to grounds of the motion for a new trial which in substance are as follows:

(4) Waddell having testified that he "signed a bond for Mr. Westbrook about December, 1914, for $337," was asked, "What was your impression about your liability on a contract like that at the time you wrote that letter?" referring to a letter "dated January 22, to Col. Boykin at Carrollton," which had been admitted in evidence. The witness answered that he "thought you made a bond and it meant that you was liable for all the goods that he got afterwards." "On motion of counsel for the plaintiff the court ruled out what the witness thought about his liability. Movant proposed to prove by the witness . . his impression or understanding of his liability under the contract he signed for $337, for the purpose of explaining why he wrote the letters to the company and to Col. Boykin, attorney for the plaintiff, and that his letters referred to his liability on the $337

contract and not on the one sued on. Movant insists that the court erred in not allowing the witness to so testify."

(5) Two grounds are numbered 5. In one of these it is complained that testimony of Carroll, whose name appears as a witness on the contract sued on, that he did not see Golden sign the contract sued on, was excluded by the court as being immaterial and irrelevant. It is contended that this testimony "was admissible as a circumstance that the paper sued on was attested in the absence of the parties purporting to sign as sureties." In the other ground numbered 5 it is complained that the testimony of G. C. Golden, that the name of W. F. Golden on the paper sued on was not the handwriting of W. F. Golden, was excluded by the court as being irrelevant and immaterial. It is contended that this testimony was admissible "as a circumstance with the other testimony in the case to illustrate whether" the defendant Waddell signed the contract sued on with W. F. Golden as one of the alleged sureties.

(6) It is complained that the court erred in excluding as irrelevant certain testimony of the defendant Waddell to the effect that in 1914 Westbrook would get drunk and lose his goods out of his wagon, and that he (Waddell) would not have signed "an obligation to pay a debt that he owed for as much as $1300 at that time." It is contended that this testimony was admissible to show the improbability of the execution of the instrument sued on.

*Taylor Smith, W. W. Mundy,* for plaintiff in error.
*Boykin & Boykin, Bunn & Trawick,* contra.