36770. YOUNGBLOOD *v.* RUIS, Administratrix.

Decided July 16, 1957—Rehearing denied July 31, 1957.

*Frank S. Twitty, Robert W. Reynolds,* for plaintiff in error.

*Robert D. Hedrick, Peter Zack Geer,* contra.

QUILLIAN, J. Special ground 1 assigns as error the following charge: "If, under the rules of law which I have given you in charge, you find the plaintiff in this case should prevail, then this form of your verdict would be sufficient, We, the jury, find in favor of the plaintiff.

"You would then state in your verdict the reasonable hire of the car or value of the car for the time the defendant had it. The plaintiff seeks to recover the sum of $1,000 so you must state the amount in your verdict, whatever you find as reasonable hire of the car for that time." The defendant insists this charge was error because it instructed the jury that the plaintiff was seeking to recover $1,000 as hire for the automobile, whereas in reality she was only seeking to recover for the period from June 15 to the date of the trial. In a supplemental charge the judge instructed the jury as follows: "Gentlemen of the jury, the plaintiff alleges in her petition that the yearly value of the car was $1,000. She is seeking to recover a sum that would represent the reasonable value of the car for the time defendant had it. She claims the defendant had the car from June 15 up until now. Whether she did or did not, that is for you to determine." The supplemental charge cured any error the judge made in the original charge to the jury in regard to the amount of hire the plaintiff was seeking. Ground 1 is without merit.

■■ ■■      Special ground 2 contends that the verdict was illegal and void. The verdict read as follows: "We find in favor of the plaintiff, Mrs. Ruis, in the amount of $500 and possession of 1956 Cadillac."

The defendant insists the verdict was void because there was no election to sue for the property and its hire shown in the record. This contention is without merit because the fact that the jury returned a verdict for the property and hire, together with the entering of judgment thereon is sufficient to show that such an election was made. *Wolf* v. *Kennedy*, 93 *Ga.* 219 (18 S. E. 433) ; *Baker* v. *Central Grocery Co.*, 15 *Ga. App.* 377, 380 (83 S. E. 504) ; *Wilson-Weesner-Wilkinson Co.* v. *Collier*, 62 *Ga. App.* 457 (2) (8 S. E. 2d 171).

■■      The defendant further insists that the verdict was not valid because the verdict was in favor of "Mrs. Ruis" whereas the suit was brought as Mrs. Carolyn West Ruis, as administratrix. With this contention we cannot agree. Where a person brings a suit as administrator and the jury returns a verdict for the person without describing him as administrator, the verdict will be construed to be for him in his representative capacity. *Empire State Chemical Co.* v. *Shubrick*, 148 *Ga.* 551 (97 S. E. 541).

■ The defendant contends that the verdict was invalid because it awarded the possession of the chattel in the case to the plaintiff, but did not find the title to the same to be in her. The finding was tantamount to a determination that the plaintiff had the right of possession to the chattel. That there may be a recovery of possession of a chattel in a trover action in which the title to the same is not adjudicated is well settled. A trover suit may be predicated on a mere right of possession of the chattel for the recovery of which the action is brought. *A. C. L. R. Co.* v. *Gordon & Co.*, 10 *Ga. App.* 311 (3) (73 S. E. 594); *Kaufman* v. *Seaboard Airline Ry.*, 10 *Ga. App.* 248 (73 S. E. 592). There are instances in which the right of possession is in one person and another is vested with title to the same personalty. However, the evidence in this case, while in conflict, supported a verdict finding the right of possession to an automobile for which the action was brought to be in the plaintiff.

■ The defendant further insists that there was no evidence adduced to show the length of time the automobile was in the defendant's possession. This contention is without merit, because the defendant testified that she had been in possession of the automobile since May 30 of that year.

■ The defendant insists that if any hire was to be given it would be from the date of the trial. This contention is without merit. In a trover suit where an election is made to sue for the property and its hire, the hire will run from the date of the conversion. *O'Neill Mfg. Co.* v. *Woodley*, 118 *Ga.* 114 (44 S. E. 980); *Schley* v. *Lyon & Rutherford*, 6 *Ga.* 530; *Davis* v. *Davis*, 30 *Ga.* 296; *Commercial Auto Loan Corp.* v. *Baker*, 73 *Ga. App.* 534 (37 S. E. 2d 636); *Garrett* v. *Atlanta Home Underwriters*, 35 *Ga. App.* 404 (133 S. E. 265); *Bank of Blakely* v. *Cobb*, 5 *Ga. App.* 289 (63 S. E. 24).

■ Special ground 3 assigns error on the following charge: "Gentlemen of the jury, the plaintiff alleges in her petition that the yearly value of the car was $1000. She is seeking to recover a sum that would represent the reasonable value of the car for the time defendant had it. She claims the defendant had the car from June 15 up until now. Whether she did or did not, that is for you to determine.

"It is incumbent upon you, if you bring in a verdict for the plaintiff, to bring in a verdict for whatever amount she is entitled to for the hire of the car." The defendant insists that the charge was error because it was tantamount to instructing the jury that if they returned a verdict for the plaintiff for the property, they should in turn return a verdict for hire of the automobile. If the jury found that the defendant converted the plaintiff's automobile to her own use, the plaintiff would be entitled to hire from the date of its conversion. The charge was not error and special ground 3 is without merit.

■ Special ground 4 complains that the trial judge erred in excluding testimony of the defendant as to a conversation between herself and the deceased, J. C. Ruis, regarding the bill of sale the defendant introduced in evidence. The defendant contends that this testimony was admissible because testimony of a like nature had been previously admitted without objection. While it is true that R. A. Davis and R. J. Allen testified as to this conversation between the deceased and the defendant, they were third parties not interested in the suit, and not parties to the bill of sale. Their testimony was admissible to explain the conduct or ascertain the motive of the deceased. Code § 38-302. The testimony of the defendant was properly excluded because she was a party to the suit and she could not testify in her own favor as to transactions or communications had with the deceased. Code § 38-1603 (1).

■ As to the general grounds of the motion it is insisted that there was not sufficient evidence to support the verdict because there were two witnesses who testified they saw the deceased sign a bill of sale giving title to the automobile to the defendant. It is the defendant's contention that the testimony of the plaintiff and the deceased's sister, that the signature on the bill of sale was not that of the deceased, could not contradict the positive testimony of the defendant's witnesses. The plaintiff and the deceased's sister testified that they were familiar with the deceased's handwriting. They were therefore competent to testify as to whether the signature on the bill of sale was in their opinion that of the deceased, and when they testified that it was not, this made a question for the jury as to that fact.

*Copeland* v. *State,* 66 *Ga. App.* 142, 143 (4) (17 S. E. 2d 288);
*Rogers* v. *Rogers,* 52 *Ga. App.* 548, 549 (184 S. E. 404); *Boggus*
v. *State,* 34 *Ga.* 275 (2).

Assuming but not deciding that the testimony of the plaintiff
and the deceased's sister was negative testimony, it would still
have presented a question for the jury's determination. "'Nega-
tive evidence' does not amount to no evidence at all; otherwise
the term would be a misnomer. And jurors are not obliged to
discard it merely because of the existence of positive evidence in
conflict therewith. 'Where the existence of a fact was affirmed
by positive evidence and denied by negative evidence, an issue
was raised, and the trial judge committed no error in properly
submitting such issue to the jury.' *Western & Atlantic R. Co.*
v. *Mallett,* 23 *Ga. App.* 367 (2) (98 S. E. 238)." *Ga. R. & Bkg.*
*Co.* v. *Wallis,* 29 *Ga. App.* 706, 714 (116 S. E. 883).

In concluding that there was a conflict in the evidence, we
have applied the rule laid down in *Copeland* v. *State,* 66 *Ga. App.*
142, 145, supra, "It is true that a party who is not an expert,
but who is acquainted with the handwriting of another, may
testify whether a given signature is in the proper handwriting of
the person with whose handwriting he is acquainted; but only
experts, persons accustomed to and skilled in the matter of
handwriting, may institute comparison between writings of
unquestioned genuineness and writings in dispute and give an
opinion. *Wimbish* v. *State,* supra [89 *Ga.* 294, 15 S. E. 325];
*Piedmont & Arlington Life Insurance Co.* v. *Lester,* 59 *Ga.* 812;
Griffin *v.* State, 90 Ala. 596, 600 (8 So. 670); McKay *v.* Lasher,
42 Hun. (N. Y.) 270, 272; Johnston *v.* Bee, 84 W. Va. 532 (100
S. E. 486, 7 A.L.R. 252). The reason for the distinction is
obvious. The practiced eye of the expert will enable him to
perceive the distinguishing characteristics or features in different
specimens of handwriting, and at once to indicate the points
of similarity or dissimilarity, though he may be entirely un-
acquainted with the specimens presented. By long practice and
observation he has become skilled in such matters. Not so with
the nonexpert. It is only when he has become familiar with
the peculiarities of a handwriting, as one becomes familiar with
the countenances of his friends or the characteristics of objects

of common observation, that he is able to distinguish between it and other specimens that may bear only a slight resemblance to it. Woodman v. Dana, 52 Maine, 9, 15." The rule is followed in *Hawkins* v. *Citizens Bank & Trust Co.*, 18 *Ga. App.* 263 (89 S. E. 450) and *Bates* v. *State*, 18 *Ga. App.* 718 (90 S. E. 481). As early as 1854 it was held by our Supreme Court that identity of a person might be established by a witness testifying to facts other than the personal appearance of the witness, such as foot prints or handwriting. *Hester* v. *State*, 17 *Ga.* 130, 133. "A witness may testify to handwriting if he knows the same, and it matters not how that knowledge may be acquired; but it is very clear to our minds that he should have that knowledge before he can testify as to the contents of a writing which is lost." *Bone* v. *State*, 86 *Ga.* 108, 117 (12 S. E. 205).

"It is no objection to the testimony of a witness, that he has come to the knowledge of a party's handwriting since the difficulty arose, nor that means were used to obtain that knowledge: *Aliter,* if the witness' knowledge was acquired under such circumstances as would show that the party had a motive for disguising it." *Reid* v. *State*, 20 *Ga.* 681 (1).

There is a pronouncement in *Bowie & Co.* v. *Maddox & Goldsmith,* 29 *Ga.* 285, 287 (74 Am. Dec. 61) "We think the court erred also in charging the jury that circumstances could not outweigh direct testimony. Direct or positive testimony might come from a very unreliable person, or coming from a source of great respectability might yet break down under the weight of its own absurdity. It is impossible, therefore, to fix any uniform value upon direct or positive testimony as such. It is equally impossible to fix a uniform value upon circumstantial evidence as such. In many cases the one justly outweighs the other, while in many others the preponderance is precisely reversed." The general grounds are without merit, except as herein stated.

The jury returned a verdict of $500 hire for the automobile. The plaintiff contended that the defendant converted the automobile and had it in her possession from June 15, 1956, to the date of the trial, which was November 28, 1956. The petition alleged that reasonable hire of the automobile was $1000 per

year. The period from June 15, 1956, until November 28, 1956, being less than six months, it follows that the jury awarded the plaintiff a larger amount of hire than that sued for. If the plaintiff, defendant in error here, within ten days after the remittitur reaches the clerk of the trial court shall voluntarily write off the amount of the verdict which is excessive, the judgment denying the motion for new trial will be affirmed, otherwise it will be reversed.

If the amount awarded the plaintiff for hire of the automobile had exceeded that shown by the evidence, the whole verdict for hire could be set aside. We cannot hold that the amount of hire found by the jury exceeded that shown by the evidence. The only opinion evidence as to the value of hire fixed it at $1,000 per year which would amount to less than $500 for the actual time expiring between the alleged conversion of the automobile and the date of trial. But the jury could, from the evidence adduced on the trial, have entertained a different opinion from that expressed by the only witness who gave an opinion as to the value of the automobile's hire. *McCarthy* v. *Lazarus*, 137 *Ga.* 282 (73 S. E. 493). The jury is not bound by the witness's opinion as to the value of rent or hire, but may form its own from the data furnished by the evidence submitted. Code § 38-1709. Here the jury had proven facts submitted upon which it could predicate its own opinion as to the value of the automobile's hire. This evidential data was the value, model, and age of the automobile. These are generally the determinate facts from which the rental value of an automobile is decided.

*Judgment affirmed on condition. Felton, C. J., and Nichols, J., concur.*