## 44131.  SKINNER v. MEDLOCK.

SUBMITTED JANUARY 8, 1969—DECIDED FEBRUARY 4, 1969.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellant.

*Harris, Chance & McCracken, Kenneth R. Chance,* for appellee.

DEEN, Judge. ■ The plaintiff's admission of the quantity of beer consumed by him in the 12-hour period prior to the collision does not demand a finding that he was under the influ-

ence of intoxicants in view of the testimony of other witnesses that they smelled no alcohol on him, that he did not appear intoxicated, and that his operation of the automobile at a period shortly before the collision negatived intoxication. His testimony that he was looking down the road and saw no lights, and did not see the vehicles parked in the road until they were illuminated by the beam of his own headlights conflicts with the testimony of other witnesses to the effect that the wrecker beacon was flashing, but is sufficient in and of itself to create a jury issue on this point. *Youngblood v. Ruis,* 96 Ga. App. 290, 296 (99 SE2d 714); *Ellis v. Southern R. Co.,* 96 Ga. App. 687, 697 (101 SE2d 230). The size of the verdict suggests that the jury may have applied the comparative negligence doctrine as charged by the trial court, and we cannot say as a matter of law either that the defendant was free from negligence or that the plaintiff's negligence was such as to bar him from any recovery.

■ An exception to an excerpt from the charge on the ground that it was an expression of opinion by the trial court was not called to the judge's attention or objected to at the time. While it is inaptly and ambiguously worded, we do not feel that it represents substantial error in view of the other clear instructions of the trial court on negligence and the statement that "the court does not mean to express or intimate to you any opinion it may have as to what has or has not been proven, nor as to who should prevail in this case; those are questions for your sole, exclusive determination." *Metropolitan Transit System v. Barnette,* 115 Ga. App. 17 (1) (153 SE2d 656).

■ The trial court gave in charge *Code Ann.* § 68-1710 (b) having to do with lights on vehicles stopped at night on a roadway or the shoulder adjacent thereto and requiring lamps visible for a distance of 500 feet. This charge is objected to on the ground that it might authorize a jury to return a verdict for the plaintiff although they found the wrecker to be adequately lighted and found that the Comet was not, because of being itself wrecked, equipped at the time with operable headlights. It is highly unlikely that the jury could so have applied this Code section as to return a verdict against the defendant on the basis of a headlight failure on the wrecked Comet by the evidence

being whether the defendant, who operated a wrecker service and had charge of removing the Comet from the ditch, had adequate lights, flares or signals to alert an oncoming motorist. The instruction shows no reversible error.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*