47396. VANDABLE v. THE STATE.

STOLZ, Judge. The defendant was found guilty on five counts of forgery on the bank account of one Richard K. Exton.

At the trial of the case the prosecution called Mrs. Lillian S. Exton, the former wife of Richard K. Exton, who, on direct examination, testified that she was married to Exton for 22 years prior to divorce 6 years ago; that she helps him with his finances, bank accounts, etc.; that she

noticed an irregularity in Exton's checking account and reported it to the bank president, who initiated an investigation; that she lived with Exton for 22 years and recognized his signature. Subsequently, the witness gave her opinion, over objection of defense counsel, regarding the genuineness or forgery of certain checks charged to Exton's account. *Held:*

1. The above constitutes a sufficient foundation to enable the witness to give her opinion on the authenticity of the signatures on the various checks. *Code* § 38-1708; *Youngblood v. Ruis,* 96 Ga. App. 290, 296 (99 SE2d 714). The weight given to such testimony was for the jury to determine.

2. "'In the absence of a timely written request, the mere fact that opinion evidence was introduced does not require an instruction as to the weight of such evidence.' *Fort v. State,* 31 Ga. App. 525 (121 SE 128)." *Arnall v. State,* 120 Ga. App. 309 (5) (170 SE2d 337); *Davis v. State,* 205 Ga. 248, 251 (53 SE2d 545) and cit.

No timely request was made by the defendant to charge the law of opinion evidence; hence, the trial court's failure to do so was not reversible error.

3. The jury returned a verdict of guilty on Counts 1, 4, 7, 8 and 9, after having been directed to find the defendant not guilty on Counts 2, 3, 5 and 6.

Thereafter, the State, pursuant to notice given counsel for the defendant, tendered in evidence four duly authenticated copies of judgments and commitments (sentences) concerning "Chester T. Vandable" covering a period of time from 1947 through 1968 in Nebraska, Texas, Arizona and Georgia respectively.

The defendant objected to the exhibits on the ground that there was no testimony that the person mentioned in the indictments is the same person as the defendant.

*Code Ann.* § 27-2534 (Ga. L. 1970, p. 949; 1971, p. 902) governs the pre-sentence hearing in felony cases. Essentially this Act requires (1) that evidence in aggravation cannot be used by the State unless it is made known to

the defendant prior to trial, and (2) that such evidence is subject to the laws of evidence.

The defendant does not contend that the notice requirement heretofore mentioned was not met, but insists that the lack of positive identification of the defendant as the same person referred to in the State's exhibits, makes such exhibits inadmissible.

The trial judge held this to be a matter of defense and admitted the documents in evidence. We believe he was correct. If the defendant was not the same person referred to in the State's exhibits, it was incumbent upon him to contest the applicability of the State's exhibits to him. He did not attempt to do so by any means whatsoever.

4. The evidence supported the verdict of guilty; therefore, the motion for new trial was properly overruled.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 5, 1972—DECIDED OCTOBER 13, 1972.

*William R. Gignilliat, III,* for appellant.

*Richard Bell, District Attorney, Stephen B. Taylor,* for appellee.