## 47779, 47780. TRAVELERS INDEMNITY COMPANY v. CUMBIE; and vice versa.

EBERHARDT, Presiding Judge. Charles L. Cumbie was engaged in the trucking business and insured his vehicles with Travelers Indemnity Company for various coverages, including collision. One of his vehicles, a 1967 Ford dump truck, was damaged when it turned over as the driver attempted to unload it on unlevel ground. The frame was bent, the dump body was torn loose, and there were other items of damage.

The matter was reported to Fickling & Walker, the local agent for Travelers who wrote the policy, and forwarded to the Travelers adjustment office, which secured services of Purcell Appraisal Company, an independent appraisal company, to appraise the damage.

A representative of Purcell got the service manager of the truck repair department of Dunlap Chevrolet to go with him to Cumbie's yard where the truck was and check the damage. Dunlap estimated the cost of straightening the frame to be $450, and agreed that it would undertake the job for that amount, but it was not in position to do the work on the dump body. Trucking Equipment Company estimated the cost of straightening the body to be $505, and agreed that it would undertake the repairs for that amount.

Some time thereafter someone called Dunlap and Trucking Equipment and asked them to pick up the respective parts and make the repairs, which they did.

There is a conflict in the testimony as to whether the authorization for proceeding with the repairs was from Travelers or Cumbie, each saying that he or it did not. Dunlap asserts that Cumbie authorized them, since it was Dunlap's policy to proceed with repairs only upon the owner's authorization, but they were unable to

state who called them to pick up the truck. When the repairs were completed Travelers issued drafts payable to Cumbie, Dunlap and First National Bank, which had previously held security on the truck—now paid off—for the truck repairs and to Cumbie and First National Bank for the dump body repairs. These were returned with the request that First National's name be deleted, which was done, and Cumbie endorsed the reissued drafts and sent them on to Dunlap and Trucking Equipment Company. In doing so he informed Travelers that he had not authorized the repairs and that he looked to it to get them satisfactorily made.

There had been much delay in completing the repairs, and Cumbie contended that when the equipment was returned to him the truck was worth less than before the overturning of it because the repairs by Dunlap were unsatisfactory, making it impossible to keep a transmission in the truck, and that its value had greatly depreciated. He conceded that the body repairs by Trucking Equipment had been accomplished satisfactorily.

Cumbie operated the truck for several months, but at times had trouble with it, and then sold his business, including the truck and his other similar equipment. Having come to no satisfactory conclusion with Travelers (he had never given a written release of his claim) he sued, claiming $7,000 as the difference in the value of the truck before and after the collision, and $21,000 for loss of profits because he had been deprived of the use of it while it was under repair.

The loss of profits item was ruled out by the court and the case was tried before a jury, which returned a verdict for $5,555.54, apparently representing the balance of Cumbie's claim for diminution in value after crediting the amounts paid for repairs and a $250 deductible as provided in the policy.

Travelers appeals, claiming errors in failing to direct a

verdict in its behalf, denial of its motion for judgment n.o.v., and for new trial on several amended grounds. Cumbie cross appeals on evidence rulings. *Held:*

1. The general grounds of the motion for new trial, the motion for directed verdict, and the motion for judgment n.o.v. are without merit.

2, 3. Plaintiff's evidence as to the value of the truck before and after the collision loss was admitted over the objection of defendant that since it appeared that the truck had in fact been repaired this was not the true measure of damages applicable to this situation; the true measure being, as set forth in *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 314 (127 SE2d 454), the difference in the value of the truck before the collision and its value after the repairs were made, less the deductible. Cumbie concedes that there was no evidence as to the value of the truck in its repaired condition. The applicable provisions in the policy here are substantially the same as in *Dependable Ins. Co. v. Gibbs,* supra.

The measure of damages is stated in *Dependable* to be that which obtains "under an automobile policy *where the insurer has elected to make repairs* and did so defectively." (Emphasis supplied.) Here Mr. Cumbie contends that Travelers undertook to have the necessary repairs made on his truck, that it procured Dunlap to make them and that they were defectively made by Dunlap. He contends that due to the defective repairs the value of the truck had greatly depreciated and seeks to recover an amount which represents this depreciation, as well as loss of profits during the period of repairing.

The evidence as to value before and after the loss, vis-a-vis the difference in value before the loss and after repairs, was not in keeping with the plaintiff's theory of the case, and strictly applying the rules of evidence the objection was good and should have

been sustained.

However, the theory of the defense was that the insurer had not elected to assume the obligation of effecting repairs to the truck and that in fact it never did so. Under that theory the proper measure of damages was the value before and after the loss, less the deductible as provided in the policy, with the obligation to make repairs strictly resting upon the owner or insured.

The court charged the before and after loss, less the deductible, measure of damages, which was applicable to and appropriate for the defense theory of the case but not to that of the plaintiff. It did not charge the before loss and after repairs difference in value, less deductible as per policy, measure—which would have been appropriate to the plaintiff's theory of the case but not to that of the defense.

A verdict was returned in favor of the plaintiff. This means that *the jury has applied the defense theory* in reaching the verdict. We do not see how the defendant-appellant can show harm, and only one who has been harmed is in position to complain of an error. *Martin v. Hendon,* 224 Ga. 221 (3) (160 SE2d 893); *Rush v. Southern Property Management, Inc.,* 121 Ga. App. 360 (2a) (173 SE2d 744).

4. Defendant submitted a written request to charge that the acceptance and use of the drafts sent to Cumbie by Travelers resulted in an accord and satisfaction of whatever claim Cumbie may have had against Travelers. The request was denied, and Travelers urges error. In doing so, it is asserted that at the time the drafts were issued and sent to Cumbie the Travelers representative had been unable to reach a satisfactory resolution of the matter with Cumbie, but tendered the drafts in full settlement, telling him to "take it or leave it," and that he accepted and used the drafts.

This position is not in keeping with the evidence in the record, as we read it. True enough, the insured and the

insurer were somewhat at odds. Travelers felt that the repairs proposed by Dunlap and Trucking Equipment would restore the vehicle to its former condition, that this was the extent of its policy obligation and that a fair settlement of the matter would be payment of the repair bills less the deductible of $250 as provided in the policy. Cumbie's position was that the truck could not be repaired satisfactorily, that Travelers had nevertheless assumed the obligation of repair, and that Dunlap had failed in doing a proper and satisfactory job of repairing. The "take it or leave it" statement was made in regard to whether the truck would or would not be repaired—the primary source of contention between the parties—and not in relation to the drafts as a full settlement of the claim.

Dunlap and Trucking Equipment were sending bills to Cumbie, which he thought Travelers should pay as a part of its obligation, and he sent them on to Travelers. Under his position the payments would be pro tanto, as in *Pennsylvania Threshermen &c. Ins. Co. v. Hill,* 113 Ga. App. 283 (148 SE2d 83).

There was a sharp conflict between Cumbie and Travelers as to who had assumed the obligation of repair. We do not find the request to charge to have been adjusted to the evidence, since there was no evidence that the drafts were tendered or accepted in full satisfaction of the claim, and it was not error to refuse to give it. *Downs v. Powell,* 215 Ga. 62 (3) (108 SE2d 715).

Since the evidence was in conflict, as we have pointed out, we cannot agree with the assertion of defendant in excepting to the failure of the court to charge "on the principles of accord and satisfaction and the receipt and retention and cashing of the checks . . . the principle of accord and satisfaction raised and demanded by the pleadings and the evidence."

5. Absent a timely request it is not error to fail to charge

on the matter of opinion testimony, its weight and credibility. *Vandable v. State,* 127 Ga. App. 306 (3) (193 SE2d 197).

*The Cross Appeal.*

6. There is a cross appeal from the exclusion of evidence as to what plaintiff's other dump trucks may have produced as profits while this one was under repairs, for the purpose of showing a loss of profits from the loss of use of this truck.

In the first place, there is no coverage under the contract sued on for that kind of loss, and the recovery should be limited to events or losses within the coverage, so far as suit upon the policy is concerned. *Southern Indemnity Co. v. Young,* 102 Ga. App. 914 (1) (117 SE2d 882); *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732 (1) (152 SE2d 895); *Quillian v. Equitable Life Assur. Society,* 61 Ga. App. 138 (3) (6 SE2d 108).

If the jury should conclude from the evidence that Travelers did in fact engage Dunlap and Trucking Equipment Company to make the repairs and that they took an unreasonable time in which to effect them, Cumbie would have a claim against Travelers for the reasonable hire or rental value of the truck during the period of unreasonable delay, but not during the period required for making the repairs with reasonable dispatch. *Webb v. May,* 91 Ga. App. 437 (2) (85 SE2d 641). And see *Douglas v. Prescott,* 31 Ga. App. 684 (1) (121 SE 689); *Lamb v. Landers,* 67 Ga. App. 588, 593 (21 SE2d 321). If, on the other hand, Cumbie engaged Dunlap and Trucking Equipment to make the repairs himself, he cannot charge Travelers with any of the delay occasioned by people of the insured's own selection.

But the proffer of evidence by the plaintiff did not go to these items as measures of his damage. He sought to show the number of hours his other five trucks had averaged operating during the time this truck was out

for repairs, the rental value of such a truck while in use, and, without specifying what its operating expenses may have been, he proposed to allocate one-half of the rental to that—all for the purpose of showing a loss of profits in the operation of the truck. As can be seen from the discussion above, this was not his true measure of damages. See *Bennett v. Associated Food Stores,* 118 Ga. App. 711, 717 (165 SE2d 581). Moreover, loss of profits which might have been made from operation of the truck was speculative and remote. *Georgia Grain Growers Assn. v. Craven,* 95 Ga. App. 741, 745 (98 SE2d 633). The evidence tendered was wholly insufficient to show what the reasonable loss of hire or of rental value on the truck might have been, or what a reasonable time for repairing it would have been, and we find no error in the rulings made by the court in this respect.

7. Error is enumerated upon the admission over objection of testimony of Travelers' adjuster as to whether he had authority to enter into a contract with Dunlap and Trucking Equipment to make the needed repairs to Cumbie's truck and to bind Travelers in doing so. The fact of the existence of his agency as an adjuster with Travelers was not in issue—only the extent of his authority. Plaintiff objected to the testimony on the grounds that the agent's authority was defined in a manual or written directives provided by Travelers to its agents, which would be the best evidence, and that the agent was incompetent to testify as to his authority.

We think this matter is controlled by the rulings made in *Armour & Co. v. Ross & Barfield,* 110 Ga. 403, 414 (35 SE 787) and in *Papas v. Robinson,* 109 Ga. App. 868, 875 (137 SE2d 684), where the very question raised here was passed upon, holding that the agent is competent to *testify* as to his agency and the extent of his authority. See also on this matter *Fireman's Fund Ins.*

*Co. v. Davis,* 42 Ga. App. 49, 59 (155 SE 105); *Friese v. Simpson,* 15 Ga. App. 786 (4) (84 SE 219); *Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297 (5) (125 SE 773); *Lawhon v. Henshaw,* 63 Ga. App. 683 (2) (11 SE2d 846); *J. W. Starr & Sons Lbr. Co. v. York,* 89 Ga. App. 22, 27 (78 SE2d 429); *Terminal Transport Co. v. Decatur Truck &c. Co.,* 90 Ga. App. 859, 864 (84 SE2d 494); *Clark v. Atlanta Veterans Transportation, Inc.,* 113 Ga. App. 531, 534 (148 SE2d 921). But a previous course of dealing between the plaintiff (or here Dunlap or Trucking Equipment) and other employees of Travelers can not establish the authority under which this witness may have acted. *Render v. Hill Brothers,* 30 Ga. App. 239 (117 SE 258).

Authority to procure repairs to a motor vehicle need not be in writing. *Hirsch & Co. v. Beverly,* 125 Ga. 657 (1) (54 SE 678).

We find no error.

*Judgment affirmed on main and cross appeals. Pannell and Stolz, JJ., concur.*

SUBMITTED JANUARY 11, 1973 — DECIDED
APRIL 4, 1973.

*Joseph N. Davis,* for appellant.
*Hall & Block, S. Phillip Brown,* for appellee.