58342. HILL v. NORTH AMERICAN COMPANY et al.

UNDERWOOD, Judge.

The plaintiff-appellant, Hill, contends that he renewed his fire insurance policy by making a premium payment to Raymond Moon and subsequently suffered a loss which the insurer failed to pay contending that the policy had not been renewed.

As stated by defendant insurance companies in their brief, "[t]he real issue in this case is whether Raymond Moon was or was not an agent for [defendant company] with authority to bind that company by an alleged oral agreement with [plaintiff] to renew a fire policy." We find that defendants have not carried their summary judgment burden of removing this issue from the case since a question of fact as to it is clearly presented by the

affidavit of Moon that plaintiff paid him to renew the policy; that when he received the consideration he was acting as agent for these insurance companies; that as agent for these companies he told plaintiff the policy was renewed; and that as such agent he visited the scene of the fire, accepted proof of loss, and told plaintiff he was covered. Since this testimony comes from a party to the relationship it is not objectionable as being conclusory but is admissible in evidence (*Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414 (184 SE2d 56) (1971); *Travelers Indem. Co. v. Cumbie,* 128 Ga. App. 723 (197 SE2d 783) (1973)), and it requires our reversal of the summary judgment granted below.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 24, 1979 — DECIDED NOVEMBER 21, 1979.

*James W. Smith,* for appellant.
*Eugene A. Epting, John Hix,* for appellees.
Raymond Moon, *pro se.*